## TAYLOR v. CALMAR S. S. CO.
### No. 23.

District Court, E. D. Pennsylvania.

Nov. 17, 1938.

Freedman & Goldstein and Abraham E. Freemman, all of Philadelphia, Pa., for plaintiff.

336

Lewis, Wolff & Gourlay and Frederick W. Gourlay, all of Philadelphia, Pa., and Duncan & Mount and F. A. Bull, all of New York City, for defendant.

DICKINSON, District Judge.

The question of law raised in this case has some novelty. Because of this we granted leave, and indeed invited, the submission of Paper Books. These are now before us.

The libel in this case was based upon averments of negligence and the obligation of cure and maintenance. At the trial this Court found against the libellant on the question of negligence but found in his favor on the question of cure and maintenance. The libellant presented two claims. One was for cure and maintenance up to the time of trial. The need for further cure and maintenance of the libellant was imminent. The respondent denied the obligation to contribute anything to the cure and maintenance. This Court in consequence entered judgment in favor of the plaintiff which capitalized prospective maintenance as well as including past maintenance. The Circuit Court of Appeals affirmed the ruling of this Court as made, 3 Cir., 92 F.2d 84, but upon appeal to the Supreme Court, 303 U.S. 643, 58 S.Ct. 642, 82 L.Ed. 1103, the judgment was reversed on the ruling that future maintenance could not be anticipated but that the libellant could recover for it as the expense was incurred. The judgment was accordingly reversed. The cause was remitted to this Court to determine the expense of cure and maintenance incurred up to the time of trial. On the re-trial the libellant was allowed the sum of $2,088, with interest and costs. Included in the costs was an item of $157.36 which had been taxed as part of the costs of the case.

In reversing the judgment or decree of the Circuit Court of Appeals which affirmed the decree of this Court, the Supreme Court entered a judgment in favor of the respondent for the sum of $814.20 as costs allowed to respondent on the appeal to that Court. The libellant issued execution on the revised judgment in its favor, and levied upon the vessel of the respondent. To meet this the respondent paid into Court the full sum claimed by the libellant but entered the present motion. As we understand it the respondent is objecting to the inclusion of the $157.36 of the costs taxed as before stated, and is also asking that its judgment for $814.20 be set off against the claim of the libellant on his judgment.

We see no merit in the objection to the inclusion of the $157.36 of taxed costs.

The question of setting off one judgment against the other suggests interesting questions. The words equity and law are often loosely used. There is no real difference. Equity is nothing more than administering law in accordance with procedure in Courts of Equity as distinguished from Courts of Law. It is therefore simply a system of practicing law. The Courts of Law and Equity each apply the law. A strong appeal can be made on so-called equitable principles in favor of the proposition that a plaintiff or libellant should not be permitted to collect a judgment in his favor leaving unpaid a judgment against him. In ordinary cases this should not be permitted. The question before us is whether the present case is an exception to this general proposition outlined. It is urged upon us that the case is an exception for two reasons. One is that the allowance of cure and maintenance is for the subsistence of the libellant. Because of this the allowance should not be permitted to be diverted to the payment of a judgment no matter how just the judgment may be. The other is that this is a seaman's case and seamen are under the Admiralty Law the wards of the Court. Congress has accordingly exempted seamen from the obligation to pay or give security for the prepayment of the costs of litigation to enforce their rights. It is an unique feature of this case that the judgment for costs sought to be enforced is for costs incurred in the case in which the seaman seeks to enforce his rights. We do not see, however, that this is a controlling fact in the case. The right to set off one judgment against the other is in principle precisely the same as it would be if the two judgments were not in the same case.

We are certainly without authority to determine the question of the liability of the respondent for the $814.20 of costs. The Supreme Court has entered judgment for that sum, and this of course we must accept as final.

The Act of Congress is that of June 12, 1917, as amended, 28 U.S.C.A. § 837. It is restricted to the exemption of the seamen from the obligation to prepay or give security for costs. It does not exempt seamen from their obligation to pay any

judgment or decree which may be entered against them for costs. The question therefor becomes that of whether a Court will enforce payment of a judgment against the seaman out of an allowance made to him for cure and maintenance.

The numerous cases to which we have been referred by the respondent all go to the general proposition that one judgment may be set off against another but none of them touch the question of whether a set off should be allowed against the claim for cure and maintenance. We are in consequence without the guidance of any precedent. The question must be determined by general principles.

Without further discussion, we announce our adherence to the proposition that no principle of law or equity requires us to deduct from an allowance for cure and maintenance upon which the very life of the seaman depends any debt or judgment obligation which the seaman may have incurred to the party against whom the allowance for cure and maintenance is made.

The motion to set off the judgment for $814.20 against the allowance for cure and maintenance is therefore denied.