## CORNELL v. GULF OIL CORPORATION.
### Civ. No. 166 and Adm. No. 21 of 1939.

District Court, E. D. Pennsylvania.

July 19, 1940.

Milton M. Borowsky, Abraham E. Freedman, and Freedman & Goldstein, all of Philadelphia, Pa., for plaintiff.

James S. Benn, Jr., and Conlen, La Brum & Beechwood, all of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

The libellant, a seaman, brought two actions against the respondent, one under

the Jones Act, 46 U.S.C.A. § 688, for damages for negligence and the other in admiralty for cure and maintenance. Jury trial was waived in the damage suit, and the two cases were tried together upon the same testimony. The Court entered judgment for the defendant in the damage suit, and for the libellant in the amount of $100 in the admiralty action.

In the damage suit the clerk, in accordance with the rules, entered judgment in favor of the defendant with costs, and subsequently the defendant filed a bill of costs in the amount of $206.40.

No decree has as yet been entered in the action for cure and maintenance, but the libellant has filed a bill of costs in the amount of $63.03.

No formal motions in writing have been filed to bring the present dispute about costs before the Court for disposition, but both parties have agreed to submit the questions involved, on the record as it stands, and the Court's ruling will be made as though formal motions covering all points had been duly filed.

■ The first question is whether including costs in the defendant's judgment was proper. This question may be treated as though a motion had been made to vacate the part of the judgment awarding them. The answer is that the defendant is entitled to costs.

The libellant contends that the agreement to try the two actions together made a single action of them, and that, having recovered the sum of $100 against the respondent, he is the prevailing party and consequently no costs should be allowed against him. Under the Federal Rules of Civil Procedure, 54(d), 28 U.S.C.A. following section 723c, the matter of costs in civil actions is discretionary with the court. In exercising that discretion this Court does not adopt the view urged by the libellant that the two actions must be treated as one. It appears to the Court that there is every reason why the defendant should recover its costs in the law action, and it is so ordered.

■ The libellant's argument that costs should not be allowed the defendant, because it has been ruled that they may not be set off against the plaintiff's judgment for cure and maintenance in a cognate admiralty action, is not before the Court at the present time. The means available to the respondent to collect its costs is quite a different matter from their allowance. Inasmuch as the matter has been argued in the briefs, the Court will, however, state for the guidance of the parties that if the question arises on an attempt to set off, the decision of Judge Dickinson in Taylor v. Calmar S. S. Co., 35 F.Supp. 335 will be followed, and the set-off will not be allowed.

■ The second question is whether the defendant properly included in his bill of costs in the law action the costs of certain depositions. This question may be taken as though presented on taxation of costs. The item of the cost of taking the deposition of Carmack will be disallowed, in view of the Court's specific order that this deposition should be at the defendant's expense. As to the costs of the remaining depositions, no order of record appears, and the Court has no recollection whatever of what was said informally at the time the continuance was granted. There is much to be said for the libellant's point of view in this respect, and the Court deems the fairest disposition to make of these depositions is to allow one half of the costs to the defendant.

■ The third question is whether the libellant is entitled to costs in his action in admiralty. The only reason urged against the allowance is an appeal to the Court in exercise of its discretion to apply the analogy of the Act of September 24, 1789, Sec. 968, R.S., 28 U.S.C. § 815, 28 U.S.C.A. § 815. Concededly, the Act does not apply to suits in admiralty in the District Courts, and there is no reason to adopt it as a governing rule for the Court's exercise of discretion in the matter of costs. The statute, as was pointed out as long ago as 1846 in Hunter v. Marlboro, 12 Fed.Cas. page 957, No. 6,908, was intended to penalize a plaintiff who inflated his damage claim for the sole purpose of invoking the jurisdiction of the Federal Court, in cases where jurisdiction depended on the amount in controversy. In suits by seamen in admiralty for maintenance and cure in the District Court, the Court has jurisdiction without regard to the amount claimed. If the plaintiff here had recovered only $100 in the damage suit there might be some reason for adopting the rule of the statute, but as the case stands, there is none.

Orders may be entered in accordance with this opinion.