**Burton BERG, Plaintiff,**

v.

**WALL STREET TRADERS, INC.,
Defendant.**

**No. 65 Civ. 908.**

United States District Court
S. D. New York,
Civil Division.

Dec. 11, 1968.

Sheldon Tabak, New York City, for plaintiff.

Zock, Petrie, Sheneman & Reid, New York City, for defendant; Edwin K. Reid, New York City, of counsel.

## MEMORANDUM

LASKER, District Judge.

This is a motion pursuant to Rule 54 (d) of the Federal Rules of Civil Procedure for a review of the action of the clerk in taxing costs herein and for an order allowing the items set forth in the bill of costs submitted by the defendant.

In the action, tried by a jury, plaintiff sought damages for personal injuries under the Jones Act, 46 U.S.C. § 688, and for unseaworthiness under the general maritime law. Plaintiff also sought damages based on defendant's failure to provide him with maintenance and cure. Through special interrogatories, the jury found that the vessel in question was not unseaworthy and the officers and employees of the defendant were not negligent. As to the right to maintenance and cure, the jury found that, even though the ship was seaworthy and the defendant was not negligent, the plaintiff became ill, or, in the alternative, a preexisting illness became aggravated in the course of his employment, and that therefore the plaintiff was entitled to maintenance and cure.

Under Rule 54(d), "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." In support of the claim for costs, the defendant calls the court's attention to Cornell v. Gulf Oil, 35 F.Supp. 448 (E.D. Pa.1940). In the *Cornell* case a seaman brought two actions, one under the Jones Act and the other for maintenance and cure. The defendant prevailed in the Jones Act suit, and the seaman prevailed in the maintenance and cure action. The court allowed the defendant costs in the Jones Act damage action. In exercising its discretion as to Rule 54(d), the court in *Cornell* did not adopt the view that the two actions should be treated as one.

This court, however, does view the different causes of action as part of one lawsuit. The damages complained of in the *Berg* case, although claimed under different theories, arose out of the same series of occurrences. The Supreme Court in Fitzgerald v. United States Lines, 374 U.S. 16, 83 S.Ct. 1646, 10 L. Ed.2d 720 (1963), in discussing an action combining claims of unseaworthiness, negligence, and maintenance and cure, characterized it as "essentially one lawsuit to settle one claim split conceptually into separate parts because of historical developments." (p. 21, 83 S.Ct. p. 1650).

Viewing this action as one lawsuit, it is the court's opinion that, since the jury found for the plaintiff as to maintenance and cure, despite the fact that the jury found for the defendant as to the remaining causes of action, the plaintiff is the "prevailing party" within the meaning of Rule 54(d).

Therefore, the court, in the exercise of its discretion, affirms the action of the clerk and denies the defendant's motion.