**Ronny L. BRYAN, Plaintiff-Appellee,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Defendant-Appellant.**

**No. 27196.**

United States Court of Appeals
Fifth Circuit.

Nov. 17, 1969.

Certiorari Denied Feb. 27, 1970.
See 90 S.Ct. 972.

Norman C. Russell, Atchley, Russell, Hutchinson & Waldrop, Texarkana, Tex., for defendant-appellant.

Harry B. Friedman, Harkness, Friedman & Kusin, Texarkana, Tex., for plaintiff-appellee.

Before COLEMAN and SIMPSON, Circuit Judges, and MEHRTENS, District Judge.

## ON POST APPEAL MOTION OF PLAINTIFF-APPELLEE TO BE ALLOWED TO PROCEED IN FORMA PAUPERIS

COLEMAN, Circuit Judge.

This case was decided July 29, 1969, 415 F.2d 314. We now have before us the motion filed since our decision that the unsuccessful appellee be allowed to proceed in this Court in forma pauperis. This raises a novel question, as to which we know of no reported cases in this or any other federal jurisdiction.

Bryan filed suit in the District Court for the Eastern District of Texas for the recovery of state workmen's compensation benefits. The defendant (appellant here) challenged the jurisdiction of the district court. The challenge was overruled. In a trial to the district judge, sitting without a jury, Bryan obtained judgment. The defendant appealed. In our opinion of July 29, 1969, supra, the district court was held to have been without jurisdiction. Accordingly, the judgment was reversed and remanded, with directions to dismiss the complaint.

Mr. Bryan then filed the instant motion to be allowed to proceed in forma pauperis in this Court. He alleged that the costs on the appeal amounted to $1,392.93, and that he was without property or money with which to pay these costs. He reminds us that he did not appeal the case, he was not the appellant in this Court, and thus it was not required at the outset that he should have filed an application to proceed in forma pauperis.

Mr. Bryan seeks to invoke the benefit of 28 U.S.C.A. § 1915[1] and Rule 24 of the Federal Rules of Appellate Procedure[2] "and further seeks to have this

---

1. 28 U.S.C.A. Section 1915, reads as follows:

"(a) Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

"(b) In any civil or criminal case the court may, upon the filing of a like affidavit, direct that the expense of printing the record on appeal, if such printing is required by the appellate court, be paid by the United States, and the same shall be paid when authorized by the Director of the Administrative Office of the United States Courts.

"(c) The officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases.

"(d) The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.

"(e) Judgment may be rendered for costs at the conclusion of the suit or action as in other cases, but the United States shall not be liable for any of the costs thus incurred. If the United States has paid the cost of a stenographic transcript or printed record for the prevailing party, the same shall be taxed in favor of the United States. June 25, 1948, c. 646, 62 Stat. 954; May 24, 1949, c. 139, § 98, 63 Stat. 104; October 31, 1951, c. 655, § 51(b, c), 65 Stat. 727, Sept. 21, 1959, Pub.L. 86-320, 73 Stat. 590."

2. Rule 24 of the Federal Rules of Appellate Procedure provides in part as follows:

"(a) Leave to Proceed on Appeal in Forma Pauperis from District Court to Court of Appeals. A party to an action in a district court who desires to proceed on appeal in forma pauperis shall file in the district court a motion for leave so to proceed, together with an affidavit showing, in the detail prescribed by Form 4 of the Appendix

privilege applied retroactively with reference to the costs assessed against [him]".

Counsel submits the following argument:

"It should be pointed out that though the statutory law and the case law do not specifically provide that a losing appellee in the Court of Appeals may make application to proceed in forma pauperis both in that court and in the Supreme Court of the United States after the decision of the Court of Appeals had been rendered, at the same time, there is nothing in either body of law that would prohibit such action. Since the statutory law and the case law are apparently silent as to when a person in Mr. Bryan's situation must make application to proceed in forma pauperis in order that that application might be timely, it is urged that the Court must look to principles of logic and equity in order to adequately and fairly make a determination of this issue. As pointed out above, it appears that the logical point in time for Mr. Bryan to make his application would be only after he has incurred the costs of the appeal and it becomes apparent that he then must prosecute his own appeal

in the matter. Such reasoning appears to be consistent with principles of equity for it is clear that a denial of Mr. Bryan's application would not only work an undue hardship upon him in regard to the costs which have been assessed as a result of the Defendant's-Appellant's appeal, but would also prohibit a further appeal in a case which has been the subject of two diametrically opposed decisions, one in the United States District Court and one in the United States Court of Appeals for the Fifth Circuit."

Upon analysis of both the statute and the rule, we are of the opinion that in the form presented the motion cannot be granted.

The motion is for leave "to appeal" [in forma pauperis]. The case has already been appealed, briefed, argued, and decided. A petition for rehearing has been denied. So far as concerns this Court nothing remains on the merits for appellate consideration. We have no further function to perform; there are no further proceedings to be had, save the formality of releasing our mandate to the district court.

The right to appeal in forma pauperis is entirely statutory, Brown v. Johnson,

of Forms, his inability to pay fees and costs or to give security therefor, his belief that he is entitled to redress, and a statement of the issues which he intends to present on appeal. If the motion is granted, the party may proceed without further application to the court of appeals and without prepayment of fees or costs in either court or the giving of security therefor. If the motion is denied, the district court shall state in writing the reasons for the denial.

"Notwithstanding the provisions of the preceding paragraph, a party who has been permitted to proceed in an action in the district court in forma pauperis, or who has been permitted to proceed there as one who is financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization unless, before or after the notice of appeal is filed, the district court shall certify that the appeal is

not taken in good faith or shall find that the party is otherwise not entitled so to proceed, in which event the district court shall state in writing the reasons for such certification or finding.

"If a motion for leave to proceed on appeal in forma pauperis is denied by the district court, or if the district court shall certify that the appeal is not taken in good faith or shall find that the party is otherwise not entitled to proceed in forma pauperis, the clerk shall forthwith serve notice of such action. A motion for leave so to proceed may be filed in the court of appeals within 30 days after service of notice of the action of the district court. The motion shall be accompanied by a copy of the affidavit filed in the district court, or by the affidavit prescribed by the first paragraph of this subdivision if no affidavit has been filed in the district court, and by a copy of the statement of reasons by the district court for its action."

9 Cir., 1938, 99 F.2d 760. The procedure on appeal is further prescribed by rule.

The pertinent portions of the statute provide that any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, *or appeal therein* (emphasis added), without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense, or appeal and affiant's belief that he is entitled to redress. An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith, i. e., the appeal is clearly frivolous, or malicious.

Rule 24, F.R.A.P. requires that the party to an appeal who desires to proceed in forma pauperis shall first file a properly supported motion with the district court. If this is denied in the district court the reasons for the denial shall be stated in writing and a similar motion may then be filed in the court of appeals.

The statutory purpose as to appeals pursued or defended in good faith is that no litigant shall find the doors of the appellate court barred by reason of his poverty or inability to give security for costs. Neither the statute nor the rule intend, however, that the funds of others shall be expended for those who are able to pay costs assessed against them; nor is it intended that the funds of others shall be expended in frivolous or malicious appeals—those not taken in good faith.

To this purpose the rule requires that the motion must be made first to the district judge. If rebuffed there, the litigant may apply to the court of appeals, provided such action is taken within thirty days of the notice of the denial.

■ We have no doubt that the in forma pauperis procedure authorized and regulated by statute and by rule envisages prospective action only, that is, an appeal which one wishes to take or which one is compelled to defend. It does not apply to appeals which have been both perfected and defendant by parties who did so without taking the steps prerequisite to proceeding in forma pauperis.

■ In this case, Mr. Bryan made no application to the district court. He filed none here until after the appeal had been decided against him. This was a complete failure to comply with the requirements and the purpose of the statute and the rule. Therefore, in the form presented the motion must be denied.

Even so, the Court is not altogether powerless to provide at least a partial remedy for this situation. Rule 39(a), Federal Rules of Appellate Procedure, reads in part: " * * * if a judgment is reversed, the costs shall be taxed against the appellee unless otherwise ordered; * * * ". We have here an injured workman who, as it later developed, pursued his remedy in the wrong forum. His inability to pay the costs of the appeal is undisputed. It so appears from the record. This Court, therefore, exercises the discretion vested in it by Rule 39(a) and directs that on this appeal each of the parties, appellant and appellee, shall bear his own costs.

So ordered.