**RURAL HOUSING ALLIANCE**

v.

**UNITED STATES DEPARTMENT OF AGRICULTURE et al., Appellants.**

No. 73–1771.

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 5, 1973.

Decided Sept. 12, 1974.

---

* Sitting by designation pursuant to 28 U.S.C. § 292(a).

1. Order 73–10–110, p. 7.

David M. Cohen, Atty., Dept. of Justice, of the bar of the Supreme Court of Ill., pro hac vice by special leave of court with whom Irving Jaffe, Acting Asst. Atty. Gen., Harold H. Titus, Jr., U. S. Atty., and Leonard Schaitman, Atty., Dept. of Justice, were on the brief, for appellants. Harold H. Titus, Jr., U. S. Atty., John A. Terry and Derek I. Meier, Asst. U. S. Attys., also entered appearances for appellants.

Victor H. Kramer, Washington, D. C., with whom Richard B. Wolf, Washington, D. C., was on the brief, for appellee.

Before BAZELON, Chief Judge, and ROBB and WILKEY, Circuit Judges.

BAZELON, Chief Judge:

Petitioner, Rural Housing Alliance (RHA), is a "non-profit corporation which assists rural families in their efforts to gain better housing and living conditions . . . ." [1] In 1973 it sued the Government under the Freedom of Information Act (FOIA) [2] seeking disclosure of a report by the Department of Agriculture dealing with discrimination in the administration of a government loan program in Florida. The district court held the report not exempt from disclosure under the FOIA, and after deleting certain material from it, ordered that it be made available to RHA. On appeal by the Government, this court reversed and remanded for reconsideration of whether exemptions 4, 6 and 7 of the Act were applicable to some or all of the material which the district court had ordered released. [3] The Government filed a routine bill of costs on appeal of $425.-25, the printing bill for its briefs and an appendix. [4] RHA then entered a motion opposing the award of costs, the effect of which, if granted, would be to have each party shoulder the financial burden of the appeal. In joining in the denial of RHA's motion, I wish to make clear

1. Complaint of Rural Housing Alliance, Civ. No. 2460–72 (D.D.C., filed Dec. 11, 1972).

2. 5 U.S.C. § 552.

3. Rural Housing Alliance v. United States Dep't of Agriculture, 498 F.2d 73 (D.C.Cir. 1974).

4. Memorandum Opposing Award of Costs at 1.

the precise grounds on which my concurrence rests.

Rule 39(a) of the Federal Rules of Appellate Procedure states:

> [I]f a judgment is reversed, costs shall be taxed against the appellee unless otherwise ordered . . . [5]

This language has been read as "confirming the power of the court in its sound discretion to deny costs to the successful party." [6] A careful review of whether our option should be exercised in this case is warranted by a combination of equitable considerations, turning on the state of the law at the time of the district court's judgment and the nature of the litigation itself.

There appear to be no cases decided under Rule 39(a) that would offer specific guidance here.[7] But the problem is illuminated in Chicago Sugar Co. v. American Sugar Co.,[8] which was decided by the Seventh Circuit under analogous language in Federal Rule of Civil Procedure 54(d).[9]

> [W]here it is clear that the action was brought in good faith, *involving issues as to which the law is in doubt,* the court may in its discretion require each party to bear its own costs although the decision was adverse to plaintiff.[10]

This approach is premised on the proposition that the taxation of costs works as a penalty, which should not be imposed unless the loser can fairly be expected to have known at the outset that his position lacked substance.

At the time the RHA instituted its suit in the district court—indeed at the time it undertook to defend this appeal

---

5. "Rule 39(a) follows the principle of Rule [54(d)] of the Rules of Civil Procedure that the prevailing party is entitled to costs as a matter of course unless the court orders otherwise." 9 J. Moore Fed.Prac. § 239.02 (1972). On this principle, I have some question at the outset whether our disposition of the appeal should be taken as having "reversed" the district court, creating, a presumption in favor of taxing all costs against the appellee. The form of our order is, of course, "reversed and remanded." But a close look at the substance of the decision reveals no final resolution of the issues in favor of the Government. Although we held that exemption 6 "is applicable to material such as the report here," we did not conclude that this material was in fact shielded by the exemption. We also held, contrary to the trial court, that exemption 4 covered the materials sought, but I do not see that we foreclosed the possibility that further deletion by the district court could be sufficient to protect the confidentiality of the sources involved, allowing disclosure of the remainder. On the exemption 7 question, we remanded to the district court for a determination of whether the files were prepared "for adjudicative or enforcement purposes" under standards elaborated in our opinion; unlike the court in Center for National Policy Review v. Weinberger, 502 F. 2d 370 (D.C.Cir. 1974), we could not resolve that issue on the record before us.

Even though we left the ultimate outcome in doubt, however, the Government did achieve limited success in its appeal, and there is precedent under Civil Rule 54(d) which suggests that it should therefore be deemed to have prevailed. *See, e. g.,* Berg v. Wall Street Traders, Inc., 46 F.R.D. 47, 48 (S.D.N.Y.1968); Western Electric Co. v. William Sales Co., 236 F.Supp. 73, 77 (M. D.N.C.1964). And the question is fundamentally one of discretion, whether or not the judgment is considered "reversed."

6. 9 J. Moore Fed.Prac., *supra* note 5, at 4304 n. 2.

7. Perhaps the closest we have come to instructive precedent under Rule 39(a), which has been in existence in its current form only since 1966, is Bryan v. Liberty Mutual Ins. Co., 418 F.2d 486 (5th Cir. 1969), cert. denied, 397 U.S. 950, 90 S.Ct. 972, 25 L.Ed. 2d 131 (1970), in which the court exercised its discretion not to tax costs against the loser, an injured workman whose inability to pay was undisputed. Here the RHA itself does not assert that it cannot pay the $425.- 25 which the Government seeks to have taxed. *But see* note 16 infra.

8. 176 F.2d 1 (7th Cir. 1949), cert. denied, 338 U.S. 948, 70 S.Ct. 486, 94 L.Ed. 584 (1950).

9. The rule states in relevant part that costs shall "be allowed as of course to the prevailing party unless the court otherwise directs . . . ."

10. *Supra* note 8, at 11. This condition of uncertainty did not exist in *Chicago Sugar Co.,* which reversed a lower court's decision not to tax costs.

—it could not have anticipated the subsequent developments in the case law defining the scope of the exemptions contained in the FOIA. The extent of these developments is evident from our opinion in this very case, where we ordered the district court on remand to examine its determination that exemption 7 did not apply in light of two cases decided after the district court's decision in this case.[11] Similarly, in pinning down the meaning of exemption 4, we relied heavily on language from Parks & Conservation Ass'n v. Morton,[12] a case decided nearly a year after the district court's decision. And in determining that the material sought by the RHA constituted "similar files" under exemption 6, this court offered no judicial authority to support its ruling, indicating that the question had not previously been addressed. As this was an uncharted area during the relevant period, it seems harsh to allow the burden of costs to fall on the party against which the uncertainties were finally resolved —at least without consideration of the interests at stake in the litigation and the effect which this burden is likely to have on the party taxed.

In Wilderness Society v. Morton (On Bills of Costs and Supporting Memoranda),[13] we stated:

It is a paramount principle of equity that the court will go much further both to grant and to withhold relief in furtherance of the public interest than when only private interests are involved.

Of course, what is "in furtherance of the public interest" is not always so obvious as it was in *Wilderness Society*, where the conservationists had won a decisive judicial victory in their effort to block the Alaskan pipeline. It is clear, on the one hand, that the plaintiffs in this case validly represent an important "public interest." The national policy of eliminating discrimination in housing is of highest priority; [14] the RHA brought this suit in furtherance of that policy, without expectation of monetary gain, to test allegations of bias in the nation's housing program. On the other hand, the Government claims to represent the "public interest" in "protecting the intimate personal details of the private lives of a number of minority and low-income persons," [15] and we have found support for its position on appeal. Under these circumstances, the "public interest" principle does not call for a judicial determination of which policy is worthier of special treatment. But it does require the court to exercise its discretion in a way which will not discourage representatives of divergent aspects of the public good from pursuing their claims in court.[16]

In its memorandum in support of its motion opposing taxation of costs, RHA asserted that the taxation of costs in

---

11. Weisberg v. United States Dep't of Justice, 160 U.S.App.D.C. 71, 489 F.2d 1195 (1973) (en banc), cert. denied, 416 U.S. 993, 94 S.Ct. 2405, 40 L.Ed.2d 772 (1974); Aspin v. Department of Defense, 160 U.S.App.D.C. 231, 491 F.2d 24 (1973).

*Weisberg*, in fact, was an en banc decision overturning a panel's prior ruling in the same case, which was in effect at the time the district court issued its order.

12. 498 F.2d 765 (D.C.Cir. 1974).

13. 161 U.S.App.D.C. 446, 450, 495 F.2d 1026, 1030 (1974).

14. *See* Knight v. Auciello, 453 F.2d 852, 853 (1st Cir. 1972); Lee v. Southern Home Sites Corp., 444 F.2d 143, 147 (5th Cir. 1971) (award of attorney's fees in private discrimination action under 42 U.S.C. §

1982). *See also* Newman v. Piggie Park Enterprises, 390 U.S. 400, 402, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968).

15. Memorandum in Opposition to Appellee's Motion Opposing Award of Costs at 2.

16. This approach is supported by analogy to Adkins v. E. I. Du Pont De Nemours & Co., 335 U.S. 331, 339–340, 69 S.Ct. 85, 93 L.Ed. 43 (1948), which was decided under 28 U.S.C. § 1915 providing for proceedings in forma pauperis. The Court held that the statute does not require a party to be "wholly destitute" to get relief, and in so holding, it recognized that the controlling factor was not whether the litigant could pay with his last penny but whether requiring him to do so would result in the abandonment of meritorious litigation.

this case would likely deter it and similar organizations from filing meritorious suits and appeals.[17] By its own account, RHA "operates under a budget of approximately $380,000 plus reserves from previous years of approximately $130,000 for a total of $510,000."[18] The organization concedes that the costs in this appeal will not cause it "to suffer severe financial problems or significantly alter the funding any of its grantees receive."[19] It is doubtful also that the $425.00 at issue here will appreciably affect RHA's decisions with regard to litigation. In any event, in the circumstances of this case, the amount is virtually de minimis.

RHA's role in litigation involving previously undecided issues of public importance is one to be protected and fostered by the courts. In my view that role is sufficient in itself to justify granting RHA's motion, and if it were my decision alone, each side would bear its own costs. At the same time, RHA has not shown that paying the Government's bill is likely to affect its role in this or future litigation. In the absence of such a showing, I cannot say that the equities in its favor are so compelling as to render the denial of its petition unreasonable. It is on this basis that I join in the court's action.

17. Memorandum Opposing Award of Costs at 6.

18. Supplemental Memorandum Opposing Award of Costs at 2.

19. *Id.* at 2.