**Odessa CARRION, Plaintiff,**

v.

**YESHIVA UNIVERSITY, Defendant.**

No. 71 Civ. 3007.

United States District Court,
S. D. New York.

July 28, 1975.

Jack Greenberg, Eric Schnapper, James C. Gray, Jr., New York City, for plaintiff.

Sidney Schutz, New York City, for defendant Yeshiva University, by Daniel Riesel, New York City.

## MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

■ The question presented by defendant's post-trial motion for the award of attorney's fees and costs is whether this successful defendant in a Title VII action should be granted such an award against this employee-plaintiff who unsuccessfully contended that she had been denied promotion and had been subsequently fired on grounds of race. Concededly, discretion should be sparingly exercised in awarding attorney's fees and taxing costs against a Title VII plaintiff, as the entire legislative scheme embodied in that Title is to encourage persons aggrieved on racial grounds to come into court. *See, Newman v. Piggie Park Enterprises, Inc.* (1968) 390 U.S. 400, 402, 88 S.Ct. 964, 19 L.Ed.2d 1263; *United States Steel Corp. v. United States* (W.D.Pa.1974) 385 F.Supp. 346. However, this case presents an occasion for the exercise of such discretion.

Plaintiff was concededly denied promotion and she was concededly fired. Moreover, she had been active in filing complaints against her employer before the New York Human Rights Commission. The thrust of her claim was that all her troubles resulted from (a) racial discrimination and (b) retaliation for her activity in seeking legal redress for her alleged wrongs. After a two-day bench trial, I concluded that her testimony constituted an unmitigated tissue of lies; that no one had discriminated against her; and that the reason she was fired was that she had engaged in deliberately disruptive conduct * having

---

* At the conclusion of the trial, I specifically declined to characterize plaintiff's conduct, for two reasons. In the first place, such a finding was unnecessary and secondly, would

nothing to do with the exercise of any constitutional or statutory right (but was motivated solely by spleen) and because she had defied reasonable attempts to control her activities. In the circumstances, I see no reason why Yeshiva University should be compelled to divert its funds to the defense of this vexatious lawsuit. *United States Steel Corp. v. United States, supra.*

The counsel fees sought ($5,000.00 for 120 hours of partner's time and 70 hours of associates' time) seems extremely moderate, in light of counsel's excellent performance. Moreover, it is undisputed that plaintiff is presently earning $25,000 a year, has no dependents and has paid no attorney's fees of her own to date. Also allowed are $182.36 for daily transcript for the first day of trial and $448.00 for plaintiff's deposition, plus regular statutory costs. The $350.00 for the balance of the trial minutes is disallowed as presently unnecessary, without prejudice to a new application should such minutes be required for appeal.

So ordered.

have been based on hearsay. On the present motion, however, where the exercise of my discretion is involved, I feel I can rely on such hearsay because I have found (1) it to be reliable and (2) plaintiff to have deliberately perjured herself in denying the truth thereof.