Alice Anne EVANS, Plaintiff,

v.

AMERICAN IMPORT MERCHANTS
CORP., Defendant.

No. 77 Civ. 5549.

United States District Court,
S. D. New York.

June 14, 1979.

Gladstein, Meyer, Reif & Siegel, Brooklyn, N. Y., for plaintiff, by Loren Siegel, Brooklyn, N. Y., of counsel.

Segan, Culhane, Nemerov & Geen, P. C., New York City, for defendant, by Stanley H. Cembalest, New York City, of counsel.

## MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

Plaintiff Alice Evans brought this Title VII action,[1] claiming race discrimination in employment,[2] after the Equal Employment Opportunity Commission ("EEOC") had found reasonable cause to believe there was merit in Ms. Evans discrimination charges. We held a de novo trial and found her claim to be frivolous in that it was wholly without factual basis. We are satisfied however that both plaintiff and her counsel acted in good faith in prosecuting her claim. Defendant has submitted a proposed judgment dismissing the claim and providing an award of costs. We have concluded, in our discretion, that each party should bear her or its own costs.

■ The award of costs is, in general, within the discretion of the trial court. *Mid-Hudson Legal Services, Inc. v. G & U, Inc.* (2d Cir. 1978) 578 F.2d 34, 38 n.3. Although we are aware of no reported decisions on the question of how such discretion should be exercised in Title VII cases,[3] there has been considerable litigation, culminating in the Supreme Court's decision in *Christiansburg Garment Co. v. EEOC* (1978) 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648, on the related question of the award of counsel fees to successful defendants in such litigation. In *Christiansburg* the Court instructed us that while a mere finding of subjective good faith would not protect a plaintiff who had brought a groundless Title VII action, district courts should nonetheless be mindful of the congressional purpose of encouraging persons believing themselves victims of discrimination to bring their complaints to official attention.[4] The Court therefore suggested that a good faith plaintiff might well—although his or her complaint turned out to be groundless— be protected from the imposition of counsel fees if it could be shown that there had at some time been "an entirely reasonable ground for bringing suit." Id. at 421, 98 S.Ct. at 700.

■ Applying the same reasoning to costs, we think the plaintiff in the instant case should be protected from their imposition. Not only did the EEOC find reasonable cause to believe that there was merit in plaintiff's charges, but it did so in language that could not but have encouraged her to think she had "entirely reasonable grounds" for proceeding. Thus, among other things, the EEOC District Director certified:

"I conclude that Respondent has violated Title VII of the Civil Rights Act of 1964, as amended, by denying Charging Party a promotion because of her sex and race, and that Respondent further discriminates through unlawful employment practices which excludes Blacks from management positions."

Although we are hard put to imagine how the EEOC came to that conclusion, there is no reason why plaintiff should not have accepted at face value this official pronouncement. We therefore conclude that costs should not be awarded against her. Compare *Prate v. Freedman* (2d Cir. 1978) 583 F.2d 42; *Carrion v. Yeshiva Uni-*

---

1. 42 U.S.C. § 2000e et seq.

2. The complaint also alleged that plaintiff had been the victim of sex discrimination and had been retaliated against for filing charges with the EEOC. Plaintiff did not pursue these claims at trial.

3. In the context of environmental litigation, see Judge Weinstein's well reasoned opinion in *County of Suffolk v. Secretary of Interior* (E.D. N.Y.1977) 76 F.R.D. 469, 473. There, in granting the motion of the unsuccessful plaintiffs to disallow costs, Judge Weinstein relied in part on the "function of plaintiffs as a private attorney general devoting energies to enforcement of a national policy affecting many people .   .

*Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968)." Among other factors Judge Weinstein found relevant were the financial burden upon non-affluent plaintiffs and the inhibiting effect upon future environmental litigation. See also *Rural Housing All. v. United States Dept. of Agri.* (1974) 167 U.S.App.D.C. 345, 348, 511 F.2d 1347, 1350 (concurring opinion of Bazelon, J.).

4. See also *Albermarle Paper Co. v. Moody* (1975) 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280, *Northcross v. Memphis Board of Education* (1973) 412 U.S. 427, 93 S.Ct. 2201, 37 L.Ed.2d 48.

*versity* (S.D.N.Y.1975) 397 F.Supp. 852, *aff'd* (2d Cir.) 535 F.2d 722.

SO ORDERED.