**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**UNION CAMP CORPORATION, et al., Defendants.**

No. K 79–303 CA 4.

United States District Court,
W. D. Michigan, S. D.

Jan. 5, 1982.

Martin A. Scott and William E. Miller, II, E.E.O.C., Detroit, Mich., for plaintiff.

Barry Smith, Grand Rapids, Mich., Warren Woods and Leonard Appel, Washington, D. C., Jeffrey K. Ross, Chicago, Ill., for defendants.

## OPINION ON MOTION FOR ATTORNEY'S FEES

MILES, Chief Judge.

Defendants prevailed at trial in this matter, and now move for an award of attorney's fees against plaintiff Equal Employment Opportunity Commission, pursuant to 42 U.S.C. § 2000e–5(k). Plaintiff opposes the award of any fee, but has not made any objection to the specific hours and rates set forth in defendants' verified petition in the amount of $3,206.25 for local counsel and $25,335.25 for lead counsel, for a total amount of $28,541.50.

The exercise of the Court's discretion in awarding an attorney's fee to a prevailing plaintiff is tightly circumscribed as to both award and amount, *Newman v. Piggie Park Enterprises*, 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968); *Northcross v. Board of Education of Memphis City Schools*, 611 F.2d 624 (6th Cir. 1979), aff'd. 447 U.S. 911, 100 S.Ct. 2999, 64 L.Ed.2d 862 (1980). These cases, however, do not control the question of attorney's fees to a prevailing defendant, which is governed by *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). A prevailing defendant may recover attorney's fees either under the Court's inherent equity power where the prosecution is in bad faith, or under 42 U.S.C. § 2000e–5(k) only where the Court finds "that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith," 434 U.S. at 421, 98 S.Ct. at 700.

Having considered the parties' four briefs on attorney's fees, the Court does not know and will not speculate as to whether this case was brought in subjective bad faith. However, the Court is persuaded, based upon the record, files, and four day trial, that this case was frivolous, unreasonable, and without foundation. An award of attorney's fees is therefore appropriate.

Plaintiff's case was that the charging party, Gilbert Sanchez, was discharged because of his Hispanic race and in retaliation for filing a discrimination charge with the Michigan Civil Rights Commission (MCRC). However, the MCRC had three times dismissed Sanchez's complaints, once at his request and twice because investigation disclosed no evidence of unlawful discrimination. In addition, Sanchez filed five separate grievances on the same factual basis, all of which were found to be groundless by

an arbitrator after a full hearing and the consideration of briefs.

Four prior contrary determinations, standing alone, would not necessarily require the conclusion that the EEOC suit was groundless, had the EEOC brought forward any evidence that Sanchez's discharge was discriminatory or retaliatory. If there was any such evidence, the EEOC had ample opportunity to bring it out at the four day trial, three days of which were taken up by plaintiff's case. If there was any such evidence, the EEOC ought to have known about it after four prior proceedings, nineteen months of discovery, and numerous depositions. Yet the overwhelming evidence at trial establishes that Sanchez's discharge was the inevitable result of his conduct on the job, as shown by his disciplinary record including his being disciplined 22 times by 11 different supervisors, and suspended a total of 37 days, before his discharge.

Several months before trial, defendants' counsel wrote plaintiff, offering to settle the case if any verifiable evidence of discrimination was called to his attention, but indicating his intention to seek an award of attorney's fees if the matter went to trial. EEOC did not respond. The bulk of the requested attorney's fees were incurred in subsequently trying the case.

The only hope for EEOC's case was that the Court would reject the overwhelming evidence, accept what little evidence there was favorable to the EEOC, and infer discrimination at every turn to fill in the evidentiary gaps. No reasonable attorney could have hoped to prevail as plaintiff in this case. It is one thing, as the Supreme Court cautioned, to engage in post hoc reasoning that failure to prevail implies that action is unreasonable or without foundation, 434 U.S. at 422, 98 S.Ct. at 700. But it is quite another to decline to sanction the lengthy pursuit of a case that was obviously hopeless from the beginning.

This is not a case where the plaintiff only discovered lack of merit at trial. The prior determinations preclude such an argument. Even were such the case, plaintiff chose, despite notice, to pursue the case through trial long after discovery should have made it obvious that there was no case to pursue. This matter is a prime example of an attitude on the part of government agencies, the EEOC in particular, which this Court has viewed with alarm from time to time. Here the charging party cries discrimination and the EEOC, despite an utter lack of evidence, sympathetically files suit, hoping that defendant will surrender rather than go to trial. When, as here, defendant refuses to knuckle under, EEOC goes to a lengthy trial, tries the case poorly, loses, and hopes a lesson has been taught. A better case for an award of attorney's fees could not be made.

Plaintiff's brief argues that a prima facie case was made out. However, this was done by stipulation, and the case was tried solely on the issue of pretext. It was also stipulated that defendants could meet their burden of offering a non-discriminatory explanation for the discharge. To argue that a case is not frivolous because plaintiff can meet his first shifting burden, but obviously cannot meet his ultimate burden of persuasion, is nonsensical.

## II.

■ The remaining question is the amount of the fee award. Although plaintiff makes no objection to the schedule of hours, rates, and fees submitted by defendants, the Court is constrained to award only a reasonable fee, and $28,541.50 seems a bit high based on the Court's experience. In part, this is attributable to defendants selecting lead counsel from Chicago where rates are somewhat higher than in the Western District of Michigan, also necessitating the use of local counsel. The Court, like plaintiff, does not question the hours claimed, as they seem reasonable in light of the length of discovery and trial, except that it does not seem appropriate to award an attorney's fee for preparing the motion for attorney's fees, thus the claimed hours for October and November, 1981 are disallowed.

■ As to the rates, the following are reasonable in light of the Court's experience

and the rates prevailing in this district: attorney Ross's hours are compensated at a rate of from $65 to $80 an hour, consultations with senior members of his firm are compensated at $80 to $85 an hour, paralegals are compensated at $20 an hour, and junior attorneys are compensated at $50 an hour. Attorney Smith's hours as local counsel, the bulk of which are for standing by at trial, are compensated at a rate of from $65 to $70 an hour. The resulting computation is somewhat cumbersome:

### Miller, Johnson, Snell & Cummiskey
### (Barry R. Smith)

| MONTH | RATE | HOURS | FEE |
|---|---|---|---|
| 6/79 | $65 | 3.75 | $ 243.75 |
| 12/79 | $65 | .25 | 16.25 |
| 4/80 | $70 | .75 | 52.50 |
| 6/80 | $70 | 1.75 | 122.50 |
| 8/80 | $70 | .25 | 17.50 |
| 12/80 | $70 | .25 | 17.50 |
| 1/81 | $70 | 1.75 | 122.50 |
| 2/81 | $70 | 5.50 | 385.00 |
| 3/81 | $70 | .25 | 17.50 |
| 4/81 | $70 | 25.25 | 1767.50 |
| | | TOTAL | $2762.50 |

### Seyfarth, Shaw, Fairweather & Geraldson

| MONTH ATTORNEY | RATE | HOURS | FEES | MONTHLY TOTAL |
|---|---|---|---|---|
| 6/79 | | | | |
| Ross | $65 | 5.50 | $357.50 | |
| Parsons | 75 | .25 | 18.75 | |
| Kaplan | 80 | .25 | 20.00 | $396.25 |
| 12/79 | | | | |
| Ross | 65 | .50 | 32.50 | 32.50 |
| 1/80 | | | | |
| Ross | 65 | .25 | 16.25 | 16.25 |
| 3/80 | | | | |
| Ross | 65 | 1.50 | 97.50 | 97.50 |
| 4/80 | | | | |
| Ross | 70 | 1.00 | 70.00 | |
| Sullivan | 80 | .25 | 20.00 | 90.00 |
| 5/80 | | | | |
| Ross | 70 | 6.75 | 472.50 | |
| Warner | 85 | 1.25 | 106.25 | 578.75 |
| 6/80 | | | | |
| Ross | 70 | 1.00 | 70.00 | 70.00 |
| 7/80 | | | | |
| Ross | 75 | 15.25 | 1143.75 | 1143.75 |
| 10/80 | | | | |
| Ross | 75 | .50 | 37.50 | 37.50 |

| MONTH ATTORNEY | RATE | HOURS | FEES | MONTHLY TOTAL |
|---|---|---|---|---|
| 12/80 | | | | |
| Weise | 80 | .25 | 20.00 | 20.00 |
| 1/81 | | | | |
| Ross | 80 | 23.75 | 1900.00 | |
| Denny | 20 | 12.75 | 255.00 | |
| Warner | 85 | 1.25 | 106.25 | 2261.25 |
| 2/81 | | | | |
| Ross | 80 | 26.75 | 2140.00 | |
| Duff | 20 | 5.50 | 110.00 | |
| Warner | 85 | .50 | 42.50 | |
| Kaplan | 85 | .25 | 21.25 | 2313.75 |
| 3/81 | | | | |
| Ross | 80 | 42.75 | 3420.00 | |
| Duff | 20 | .50 | 10.00 | |
| Weise | 85 | 1.00 | 85.00 | |
| Burns | 50 | 2.00 | 100.00 | 3615.00 |
| 4/81 | | | | |
| Ross | 80 | 96.25 | 7700.00 | |
| Duff | 20 | 6.00 | 120.00 | |
| Wagner | 20 | .50 | 10.00 | |
| Burns | 50 | 16.50 | 825.00 | |
| Skoning | 85 | .75 | 63.75 | 8718.75 |
| 5/81 | | | | |
| Ross | 80 | 20.25 | 1620.00 | 1620.00 |
| 6/81 | | | | |
| Ross | 80 | 2.50 | 200.00 | 200.00 |
| | | TOTAL | | $21,211.25 |

| | | |
|---|---|---|
| Lead Counsel | $21,211.25 | |
| Local Counsel | 2,762.50 | |
| | TOTAL FEE | $23,973.75 |

### Conclusion

For the reasons stated, defendants are entitled to an award of attorney's fees against plaintiff in the amount of $23,-973.75.

IT IS SO ORDERED.