**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 29, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-50820
_____

LARRY D. SKINNER,

Plaintiff-Appellant,

versus

SAN FELIPE DEL RIO CONSOLIDATED INDEPENDENT
SCHOOL DISTRICT; ET AL.,

Defendants,

SAN FELIPE DEL RIO CONSOLIDATED INDEPENDENT
SCHOOL DISTRICT; EDDIE BACA, in his individual
capacity; JOANNE RUARK-ACKERMANN, DR., in her
individual capacity; ANN DIXON, DR., in her individual
capacity; KAY HERNANDEZ; FRED HERNANDEZ,

Defendants-Appellees.

_____

Appeal from the United States District Court for
the Western District of Texas
(USDC No. DR-01-CV-7)

_____

Before KING, Chief Judge, REAVLEY and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Appellant appeals both the award of attorney's fees and the amount awarded to appellee. We affirm for the following reasons.

In assessing whether fees are appropriate under Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978), for frivolous or meritless litigation, this Court has been guided by the Mississippi factors: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether there was a full-blown trial on the merits. United States v. Mississippi, 921 F.2d 604, 609 (5th Cir. 1991). It is important to note that "[t]hese factors are, however, guideposts, not hard and fast rules. Determinations regarding frivolity are to be made on a case-by-case basis." See EEOC v. L. B. Foster Co., 123 F.3d 746, 751 (3d Cir. 1997) (internal citations and quotations omitted). While satisfying a prima facie case usually precludes the award of attorney's fees, there are instances in which the prima facie case may be shown but the case is still ultimately frivolous. See EEOC v. Union Camp. Corp., 536 F. Supp. 64, 66 (W.D. Mich. 1982). Whether or not the district court correctly determined that the appellant did not establish the elements of his prima facie case of discrimination, this litigation was ultimately groundless and frivolous. The court did not abuse its discretion.

In his reply brief, appellant also challenges the amount of the attorney's fees. He contests whether the hours were reasonable as the Defendants did not provide a breakdown of the reasonable hours expended, argues the Johnson factors did not support the lodestar amount, and contends that specific deposition and copy costs should not have been deemed recoverable. As

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

these specific issues were not clearly raised before the trial court, they are deemed waived. <u>See</u>

<u>United States ex rel. Wallace v. Flintco Inc.</u>, 143 F.3d 955, 971 (5th Cir. 1998).

AFFIRMED.