Halcott A. BRADLEY, Appellant,

v.

Nancy E. BRADLEY, Appellee.

No. 2766.

Municipal Court of Appeals for the
District of Columbia.

Argued June 5, 1961.

Decided July 5, 1961.

Halcott A. Bradley, appellant, pro se.

Lynn O. Coombs, Washington, D. C., for
appellee.

Before HOOD and QUINN, Associate
Judges, and CAYTON (Chief Judge, re-
tired) sitting by designation under Code,
§ 11–776(b).

CAYTON, Acting Judge.

Mrs. Bradley sued her husband for a
limited divorce on the ground of cruelty,
praying for support money and for custody
of their 20-month-old child. The trial court
denied the divorce, allowed support money
for the child, and awarded custody of the
child to the mother, giving Mr. Bradley the
right to visit the child each Sunday from
nine in the morning to six at night. The
father filed a motion for reconsideration of
the custody order or for modification of the
visitation periods. The court took evidence
on the motion and decided it adversely to
the movant. This appeal followed.

There is a statement in appellant's brief
that there was no evidence of the mother's
fitness, ability or desire for the custody of
the child. We think that is not an accurate
appraisal of the record. These elements
were developed in one way or another, and
in substantial detail, during the course of
the testimony of both parties.

The real question to be here decided is
whether the decision as to custody and visi-
tation rights was wrong as a matter of law.
Appellant concedes that decisions as to
custody are in the field of judicial discre-
tion, but argues that there was an abuse of
discretion in this case and that the finding
below was arbitrary and capricious.

We think there is no need to recite the
evidence. The trial court had ample oppor-
tunity to form an enlightened opinion as to
the personalities, past conduct and behav-
ioral patterns of the two parents, the
housing facilities each had available, along
with other tangible and intangible consid-
erations which would help answer the ulti-
mate question as to where welfare of the
20-month-old infant would best be served.
Our study of the case has revealed no
ground on which we would be justified in
holding that the decision was wrong, under
any of the familiar and accepted legal stand-
ards.

Appellant was represented at the trial by
able and experienced counsel. Himself a
lawyer, appellant has filed with us a long
and well prepared brief and has argued his
case with great earnestness; but he has
failed to establish error. He has cited many
decisions on the subjects of custody and
judicial discretion; but none of them fur-
nish ground for reversal here.

The jurisdiction of the trial court being a continuing one in custody matters, appellant's future remedy will be by a new motion in that court, based on new or special circumstances.

Affirmed.