Halcott A. BRADLEY, Appellant,

v.

Nancy E. BRADLEY, Appellee.

No. 2983.

Municipal Court of Appeals for the District of Columbia.

Submitted June 4, 1962.

Decided July 12, 1962.

Rehearing Denied July 30, 1962.

Halcott A. Bradley, Washington, D. C., pro se.

Lynn O. Coombs, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

Proceedings for a limited divorce were commenced by the appellee in the trial court on the ground of cruelty and prayed for support money and custody of their child. The court denied the divorce but awarded her custody and support of the child. The husband appealed and this court affirmed. Bradley v. Bradley, D.C.Mun.App., 172 A.2d 414 (1961). Thereafter, Mrs. Bradley's counsel filed a motion in this court for the allowance of attorney's fees for services on appeal which motion was denied without prejudice to seeking such relief in the trial court. The motion was argued in the trial court but no testimony was taken and Mrs. Bradley's counsel obtained from a trial judge, who had not presided at the trial, an order awarding attorney's fees for services on appeal of $501.40, the exact amount requested. The attorney had previously been awarded the sum of $200 as attorney's fees for the trial of the action.

Appellant's main contention is that the award is excessive. Ordinarily, the amount of an award of attorney's fees is left to the discretion of the trial court but such discretion is not unlimited. Any award of counsel fees must be based upon reason and fact, and we may review such award to determine whether it has a reasonable basis in fact. In the situation now before us, we have direct and intimate knowledge of the research and other work necessary to be done by the wife's counsel in defending the former appeal. We think it is proper to mention that the brief consisted of two pages of argument and his oral argument was equally as brief. The case was far from complicated and presented no difficult legal problems, as is indicated by the fact that in writing our opinion we found it unnecessary to cite any precedents. The time reasonably necessary to prepare and present the appeal was far less than that involved in the preparation and trial of the case in the court below. Yet the fee for the appeal was more than twice as much as the trial fee. No reason has been given for this disproportionate determination and we think it reveals an excessiveness which it is our duty to correct. Accordingly, we have concluded that a just disposition of the matter requires that the order of November 17, 1961, be modified and that the fee to be awarded counsel for the wife should be $150.

It is so ordered.