Everett S. MOSS, Appellant,

v.

W. S. PRATT SCIENTIFIC BRAKE SERVICE, INC., Appellee.

No. 3550.

District of Columbia Court of Appeals.

Argued Oct. 19, 1964.

Decided Jan. 26, 1965.

John McDaniel, Washington, D. C., for appellant.

Irving Turner, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge:

Appellant filed a complaint entitled as one for "Money Had and Received, Fraud, Misrepresentation and Conversion," seeking $400 compensatory damages and $1,500 punitive damages. Appellee moved for a more definite statement of the allegations of fraud, misrepresentation, illegal conversion, and related elements involving punitive damages. The motion was granted but appellant failed to comply, and on appellee's motion the court struck from the complaint all allegations of fraud, misrepresentation and illegal conversion, and also the claim for punitive damages.

Review is sought of both the order granting appellee's motion for a more definite statement and the order granting the motion to strike. Review by this court, however, with exceptions not here material, is limited by statute to appeals from final orders and judgments. D.C.Code 1961, § 11–741 (Supp. III, 1964). "The finality of an order depends not upon its name, its propriety, or its normal function, but upon whether it 'disposes of the whole case on its merits' * * *." Jacobsen v. Jacobsen, 75 U.S.App.D.C. 223, 225, 126 F.2d 13, 15 (1942). Clearly the order granting the motion for a more definite statement was not a final order, and hence not appealable, since it made no disposition of any issue in the case.

It is equally clear that appeal does not lie from the order granting the motion to strike. That order did not dispose of the case on its merits, and as far as we are informed, the case awaits trial on the issues raised by appellant's allegations captioned "Money Had and Received." See Levy v. Arsenault, D.C.Mun.App., 63 A.2d 671 (1949); Markham v. Kasper, 152 F.2d 270 (7th Cir., 1945).

We note in conclusion that there would appear to be nothing to prevent appellant's seeking leave in the trial court to amend his complaint to properly set forth, if he can, his alleged cause of action based on fraud, misrepresentation and conversion.

Appeal dismissed.