**MID CITY THEATER CORPORATION,**
a Corporation, Appellant,

v.

**Albert BETHEA, Appellee.**

**No. 3593.**

District of Columbia Court of Appeals.

Argued Jan. 25, 1965.

Decided May 12, 1965.

Gerald W. Farquhar, Washington, D. C., with whom Hugh Lynch, Jr., Washington, D. C., was on the brief, for appellant.

Barrington D. Parker, Washington, D. C., with whom George A. Parker, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge:

Appellee brought this action for damages resulting from an injury sustained by him while a patron in appellant's theater. In its answer appellant denied any negligence on its part, and as an affirmative defense pleaded a written release executed by appellee in consideration of payment to him of $300. At appellant's request there was a separate trial on the issue of the validity of the release, resulting in a jury verdict that the release was invalid. This appeal is from a judgment entered on that verdict. No trial has been had on the merits of appellee's claim.

Although neither party has raised the question, we must first consider whether the judgment appealed from is final and appealable.

It has been repeatedly stated that review by this court, with exceptions not here ma-

terial, is limited by statute to appeals from final orders and judgments. D.C.Code 1961, § 11–741 (Supp. IV, 1965). In the instant case, review is sought of a judgment which reflects only a jury verdict in favor of appellee on the question raised by appellant's affirmative defense, the release. That judgment does not dispose of the case on the merits, and therefore does not have the requisite characteristics of finality to bring it within the scope of our reviewing authority. See Jacobsen v. Jacobsen, 75 U.S.App. D.C. 223, 126 F.2d 13 (1942). There remains for trial the issue of appellant's negligence and the question of damages.[1]

Appeal dismissed.

---

1. See Okolinsky v. Philadelphia, B. & N. E. E. R. R. Co., 282 F.2d 70 (3rd Cir. 1960); O'Donnell v. Watson Bros. Transportation Company, 183 F.Supp. 577 (N.D.Ill.1960).