Clara M. McBRYDE, Appellant,

v.

METROPOLITAN LIFE INSURANCE COMPANY and Lucretia McBride,
Intervener, Appellees.

No. 3891.

District of Columbia Court of Appeals.

Argued May 16, 1966.

Decided July 25, 1966.

v. Rives, 75 U.S.App.D.C. 242, 250, 126 F. 2d 633, 641 (1942) ; United States ex rel. Brown v. Fay, 242 F.Supp. 273, 276 (S. D.N.Y.1965).

Mabel D. Haden, Washington, D. C., for appellant.

Henry H. Paige, Washington, D. C., with whom Arthur P. Drury, John M. Lynham and John E. Powell, Washington, D. C., were on the brief, for appellee Metropolitan Life Insurance Company.

Alan V. Roberson, Washington, D. C., with whom Dovey J. Roundtree, Washington, D. C., was on the brief, for appellee Lucretia McBride.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

This claim involves separate claims of two women, both asserting to be the sole surviving widow of a deceased policyholder and entitled to death benefits under a government life insurance policy underwritten by appellee Metropolitan Life Insurance Company. Appellant Clara McBryde's claim after the death of George W. McBride (McBryde) on June 6, 1965, was rejected by Metropolitan because one Lucretia McBride had also filed claim to the proceeds of the insurance policy. Thereafter appellant filed suit against Metropolitan to recover the death benefits. In its answer

Metropolitan admitted it had insured George W. McBride under a group policy issued pursuant to the Federal Employees' Group Life Insurance Act of 1954 and that, by reason of the death of the insured, no beneficiary having been designated, the sum of $6,000 became payable to his widow. It also set forth that it had received a claim from one Lucretia McBride alleging she was the widow of the insured and asked that, in view of the adverse claims, the latter claimant be made a party defendant to this suit, that it be allowed to pay its admitted liability into the Registry of the court, and that the two claimants be required to interplead their respective claims for final decision. Lucretia McBride then filed a motion, as alleged sole surviving spouse of George Washington McBride, for leave to intervene. After hearing, an order was entered by the trial judge granting the motion for intervention and authorizing Metropolitan to pay the death benefits into the court Registry and directing that, upon such payment, the company be relieved from further liability with respect thereto. It also provided that the suit should continue as between appellant as party plaintiff and Lucretia McBride as party defendant to decide which party is entitled to the proceeds of the insurance policy. From this order Clara McBryde has appealed. She does not challenge the action of the trial court in authorizing the deposit of the insurance proceeds into the Registry of the court [1] and in dismissing Metropolitan from the suit as party defendant. She attacks only the provision of the order granting Lucretia McBride leave to intervene as party defendant.

Review by this court, with certain exceptions not here material, is limited by statute to appeals from final orders and judgments.[2] Thus we must determine whether the order here under consideration meets this test. We think it does not.

1. These funds have been deposited as provided for in the order.
2. D.C.Code, 1961, § 11-741 (Supp. V, 1966); Mid City Theater Corporation v. Bethea, D.C.App., 210 A.2d 10 (1965); Moss v. W. S. Pratt Scientific Brake Service, Inc., D.C.App., 206 A.2d 403 (1965).

Whether an order is final depends upon whether it disposes of the whole case on its merits so that the court has nothing remaining to do but to execute the judgment or decree already rendered.[3] It is obvious that the order of the trial court permitting intervention of a person whose claim is basically similar to appellant's does not dispose of the pending suit on its merits. It does not have the requisite effect of finality and is therefore not appealable.

Appeal dismissed.

3. Jacobsen v. Jacobsen, 75 U.S.App.D.C. 223, 126 F.2d 13 (1942), citing Bostwick v. Brinkerhoff, 106 U.S. 3, 1 S.Ct. 15, 27 L.Ed. 73 (1882); Whitman v. Noel, D.C. Mun.App., 53 A.2d 280 (1947).