Wilma Cramp **BURTOFF**, **Appellant**,

v.

Samuel **BURTOFF**, **Appellee**.

No. 12938.

District of Columbia Court of Appeals.

Argued June 14, 1978.

Decided Aug. 10, 1978.

---

**990**

William Jordan Temple, Washington, D. C., with whom David R. Miles, Washington, D. C., was on brief, for appellant.

Elizabeth Guhring, Washington, D. C., with whom Pamela B. Dulles, Chartered, was on brief, for appellee.

Before GALLAGHER, YEAGLEY and MACK, Associate Judges.

YEAGLEY, Associate Judge:

We are asked to review a Family Division order upholding an antenuptial agreement executed by the parties on October 6, 1975, eight days prior to their marriage. On October 6, 1976, exactly one year following execution of the agreement, appellee-husband removed appellant-wife's belongings from the marital home to an apartment he rented for her, and barred her return. Appellant thereupon sued her spouse for separate maintenance, alleging that he had abandoned her. Appellee defended that any support obligation owing from him to his wife was controlled by the parties' antenuptial agreement.

Appellant moved for relief pending resolution of her support action. The motion was heard by Judge Ryan, who denied it on the condition, accepted by both parties, that appellee pay appellant "the sum of $10,-000.00 . . . in lieu of *pendente lite* support."[1] Judge Ryan then ordered that a separate "trial be held . . . on the sole issue of the validity of the Ante-Nuptial Agreement" on which appellee based his defense. On June 2, 1977, such a proceeding took place before Judge Johnson. On September 23, 1977, Judge Johnson issued an order upholding the validity of the antenuptial agreement both in form and as a defense, except insofar as it limited appellee's duty of support of $10,000. Judge

---

1. Paragraph 4(a) of the antenuptial agreement provides:

   4. Mrs. Cramp further agrees that in the event the contemplated marriage takes place, and then is terminated by divorce proceedings, or should any type of proceeding be instituted in any manner whatsoever pertaining to alimony and support, *pendente lite* or otherwise, that she may claim to be due to her from Dr. Burtoff that:

   (a) If separation shall occur within one calendar year of the date of marriage, Mrs. Cramp will accept in full, final, and permanent settlement of any or all obligation for support and maintenance due to her from Dr. Burtoff, the lump sum of Ten Thousand Dollars ($10,000.00).

Johnson's order did not set forth the exact amount to which appellant might be entitled; this and all other matters attendant to the dissolution of the parties' marriage and appellee's ultimate support obligation were left to be determined at a subsequent proceeding which, we are led to understand, has not yet taken place. The instant appeal challenges only the order of September 23. We hold that this order is not a final appealable order, and that we are thus without jurisdiction to consider it.

D.C.Code 1973, § 11–721(a), with certain exceptions not pertinent here, gives us jurisdiction to consider appeals only from "all final orders and judgments of the Superior Court of the District of Columbia".[2] We have held, in cases arising under almost identical provisions of earlier versions of the D.C.Code, that for purposes of appeal, an order is final only if it disposes of the entire case on the merits, *Moss v. W. S. Pratt Scientific Brake Service, Inc.,* D.C. App., 206 A.2d 403 (1965), leaving nothing for the court to do but execute the judgment it has rendered. *McBryde v. Metropolitan Life Insurance Co.,* D.C.App., 221 A.2d 718 (1966); *Heller v. Edwards,* D.C. Mun.App., 104 A.2d 528 (1954). That neither party to the instant appeal has raised the jurisdictional issue is immaterial, for we have no jurisdiction to entertain an appeal from a non-final order, and consent of the parties cannot enlarge our jurisdiction. *Mid City Theater Corp. v. Bethea,* D.C.App., 210 A.2d 10 (1965); *Moyer v. Moyer,* D.C. Mun.App., 134 A.2d 649 (1957).

The posture of the instant case is as follows: The trial court has determined, by order, that the antenuptial agreement is valid and that appellee may impose it as a defense, except insofar as it limits to $10,000 his obligation to support his wife. At the hearing the trial court had stated that "if the agreement is valid, then we will proceed at the next hearing to determine what support, if any, Mrs. Burtoff is entitled to." That remains to be done. At present, there is no final, executable judgment.

Indeed, the instant case finds a parallel in *Mid City Theater Corp. v. Bethea, supra.* There, appellees sought damages for injuries he sustained while a patron in appellants' theater. Appellant pleaded as an affirmative defense a written release executed by appellee for adequate consideration. Appellee replied that the release was invalid, and a separate trial was held on this issue, resulting in a jury verdict that the release was, in fact, invalid. Appeal was taken from that order and we dismissed the appeal, stating:

> In the instant case, review is sought of a judgment which reflects only a jury verdict in favor of appellee on the question raised by appellant's affirmative defense, the release. That judgment does not dispose of the case on the merits, and therefore does not have the requisite characteristics of finality to bring it within the scope of our reviewing authority. [*Id.* at 11].

Similarly, in the case before us, we have only a determination with respect to the validity of a contract providing an affirmative defense, here an antenuptial agreement. However, a final judgment resolving all essential issues has not been entered.[3]

---

**2.** One exception to this provision is § 11–721(d), under which the trial court may invite this court's discretion to review an otherwise unappealable order by stating in writing that the order involves a controlling, unresolved question of law and that immediate appellate resolution may materially advance ultimate disposition of the case. No such action was either taken by the trial court or requested by appellant in the case at bar.

**3.** In a case involving unusual circumstances, *Borden v. Borden,* D.C.App., 277 A.2d 89 (1971), we allowed the appeal. There appel-

lant-wife filed a complaint for divorce. She was represented by an attorney from the Neighborhood Legal Services Program (NLSP). Thereafter, the trial court appointed an NLSP attorney on appellee-husband's behalf. Appellant moved to set aside this appointment on the ground that the employment of both attorneys at NLSP created a conflict of interest, rendering a divorce ultimately obtained potentially invalid as allegedly collusive. Appeal was from denial of this motion. In accepting jurisdiction, we noted that the appointment had " 'a final and irreparable effect upon the rights of

Our holding does no violence to the right of either party to ultimately raise before us all issues addressed in Judge Johnson's order. We are without jurisdiction to do so at this juncture of the case. Accordingly, the appeal is

*Dismissed.*

the parties'  .  .  . [because] the final decree in the case on the merits could be subject to the subsequent charge of collusion and its validity thus put in question." *Id.* at 90. We felt that "the administration of justice would best be served by recognizing the cloud which the order of appointment of counsel has put upon the present proceeding and by treating the order as final for the purpose of review." *Id.* Because of that unusual situation, *Borden* is readily distinguishable. Our assertion of jurisdiction there was prompted by our concern that the integrity of the judicial process was threatened at the outset by the trial court's appointment. No such concern is present in the instant case.