**TRILON PLAZA COMPANY et al., Appellants,**

v.

**ALLSTATE LEASING CORPORATION, Appellee.**

**No. 12672.**

District of Columbia Court of Appeals.

Submitted Dec. 1, 1978.

Decided Feb. 21, 1979.

---

Mark P. Friedlander, Washington, D. C., was on brief, for appellants.

Stephen M. Trattner, Washington, D. C., was on brief, for appellee.

Before NEWMAN, Chief Judge, and KELLY and MACK, Associate Judges.

NEWMAN, Chief Judge:

Appellants challenge the propriety of an order directing them to pay attorney's fees of $1,800 to appellee. Appellee moves to dismiss the appeal as untimely. To decide this motion, we must determine whether the appealable order is that dated February 7, 1977, which awarded attorney's fees, or that dated August 25, 1977, which fixed the amount thereof. Concluding that the August 25 order is the appealable one, we deny the motion to dismiss. Finding no abuse of discretion in the award of attorney's fees, we affirm.

On January 25, Allstate Leasing Corporation (Allstate) obtained a writ of replevin to seize certain theater chairs and accessories

from appellants (Trilon) arising from a breach of contract between the parties. Pursuant to the January 25 order, on two occasions, Deputy United States Marshals tried to enter the theater where the property to be replevied was located, but were denied entry. Allstate filed a motion to compel. On February 7 the court ordered that Trilon: (1) was to open the door to the theater on February 8; (2) was assessed costs and attorney's fees for its noncompliance with the writ of replevin; (3) was to pay Allstate $1,000 per day for each day Trilon failed to comply with the writ; and (4) had until February 17 to show cause why it should not be held in contempt of court. The writ of replevin was executed the following day. On March 1, Trilon filed a motion for clarification with regard to that portion of the February 7 order dealing with attorney's fees and contempt. On August 25, 1977, after a hearing on the matter, the court issued an order that assessed against Trilon $1,800 for Allstate's attorney's fees in accordance with the February 7 order and vacated the order to show cause, the writ of replevin having been executed. Notice of appeal was timely filed from the August 25 order.

## I.

■ The sole basis for our jurisdiction in this matter is D.C.Code 1973 § 11–721(a)(1) which provides that this court has jurisdiction to review "all final orders and judgments of the Superior Court of the District of Columbia." In the federal and state courts as well as in this court, what constitutes a "final order" for the purpose of appellate jurisdiction has been the subject of much discussion.[1] We have held that an order to be final must "dispose[ ] of the whole case on its merits so that the court has nothing remaining to do but to execute the judgment or decree already rendered." *McBryde v. Metropolitan Life Insurance Co.,* D.C.App., 221 A.2d 718, 720 (1966). *See Burtoff v. Burtoff,* D.C.App., 390 A.2d 989,

991 (1978); *Heller v. Edwards,* D.C.Mun. App., 104 A.2d 528, 528–29 (1954). Thus, for an order to be final for review purposes, we do not look at "'its name, its propriety, or its normal function'". *Moss v. W. S. Pratt Scientific Brake Service, Inc.,* D.C. App., 206 A.2d 403, 404 (1965), quoting *Jacobsen v. Jacobsen,* 75 U.S.App.D.C. 223, 225, 126 F.2d 13, 15 (1942). Stated another way, "[t]o be reviewable, a judgment or decree must not only be final but also complete, that is, final not only as to all parties, but as to the whole subject matter and all the causes of action involved." *District of Columbia v. Davis,* D.C.App., 386 A.2d 1195, 1198 (1978).

■ In determining finality, we take into consideration, "not merely those [interests] of the immediate parties but, more particularly, those [interests] that pertain to the smooth functioning of our judicial system." *District of Columbia v. Tschudin,* D.C.App., 390 A.2d 986, 988 (1978), quoting *Republic Natural Gas Co. v. Oklahoma,* 334 U.S. 62, 69, 68 S.Ct. 972, 92 L.Ed. 1212 (1948).

■ When appellate courts have had to determine which order of the trial court is final and therefore appealable, the general rule is that the order stating the sanction, quantum of relief, or the like is the one with requisite finality. *Cf. Catlin v. United States,* 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911 (1945) (judgment of eminent domain under the War Purposes Act of 1917 conferring possession and title in the condemnor is not appealable until compensation is determined. *In re Cys,* D.C.App., 362 A.2d 726 (1976) (citation for criminal contempt cannot be appealed absent the imposition of a sanction); *Harrison v. District of Columbia,* D.C.Mun.App., 95 A.2d 332 (1953) (order determining parentage of a child born out of wedlock cannot be appealed until the amount of support is determined); *New Haven Redevelopment Agency v. Research Associates, Inc.,* 153 Conn. 118, 214 A.2d 375

1. *See, e. g., Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 545–47, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); *Forgay v. Conrad,* 47 U.S. (6 How.) 201, 12 L.Ed. 404 (1848); *Prevedini v.*

*Mobile Oil Corp.,* 164 Conn. 287, 320 A.2d 797 (1973); *Coen v. Corr,* 90 R.I. 185, 156 A.2d 406 (1959); *Burtoff v. Burtoff,* D.C.App., 390 A.2d 989 (1978).

(1965) (summary judgment considered interlocutory until damages assessed).

The principles underlying these decisions have been succinctly stated by the Supreme Court in a decision construing Title 28 U.S.C. § 1291 which provides for appeal "from all final decisions of the district courts":

> The effect of the statute is to disallow appeal from any decision which is tentative, informal or incomplete. Appeal gives the upper court a power of review, not one of intervention. So long as the matter remains open, unfinished or inconclusive, there may be no intrusion by appeal.
>
> . . . . .
>
> Nor does the statute permit appeals . . . [from orders] . . . where they are but steps towards final judgment in which they will merge. The purpose is to combine in one review all stages of the proceeding that effectively may be reviewed and corrected if and when final judgment results. [Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949).]

■ Application of these principles compels the conclusion that the appealable order in this case was that of August 25, which determined the quantum of attorney's fees to be paid rather than the order of February 7, which merely established entitlement to attorney's fees in an amount to be later determined.

## II.

■ The general rule concerning attorney's fees has been termed the "American Rule" and states that in the absence of statutory authority, "the prevailing party may not recover attorneys' fees as costs or otherwise." Alyeska Pipeline Co. v. Wilderness Society, 421 U.S. 240, 245, 95 S.Ct. 1612, 1615, 44 L.Ed.2d 141 (1975). However, an exception to the American Rule

allows for the award of attorney's fees "against a party who ha[s] acted in bad faith." Id.[2] The rule in the District of Columbia parallels the American Rule and its exception. "[A]bsent a contract or statutory provision or a showing that the defendant's conduct was willfully and oppressively fraudulent, attorney's fees are not generally allowed as damages or costs." McIntosh v. Aetna Life Insurance Co., D.C. App., 268 A.2d 518, 521 (1970). See Continental Insurance Co. v. Lynham, D.C.App., 293 A.2d 481, 483 (1972); Murphy v. O'Donnell, D.C.Mun.App., 63 A.2d 340, 342 (1948); Wolf v. Cohen, 126 U.S.App.D.C. 423, 426, 379 F.2d 477, 480 (1967). The bench mark of an award of attorney's fees in cases that fall within the exception to the American Rule is whether the defendant's conduct has been in "bad faith, vexatious[ ], wanton[ ], or . . . oppressive." 6 Moore's Federal Practice § 54.77(2), at 1709 (2d ed. 1976). See Berens Sales Co. v. McKinney, D.C. App., 310 A.2d 601, 602 (1973); Continental Insurance Co. v. Lynham, supra at 483; Lichtenstein v. Lichtenstein, 481 F.2d 682, 684 (3d Cir. 1973), cert. denied, 414 U.S. 1144, 84 S.Ct. 895, 39 L.Ed.2d 98 (1974).

This exception has been construed recently by the United States Court of Appeals for this circuit in Lander v. Morton, 171 U.S.App.D.C. 146, 149, 518 F.2d 1084, 1087 (1975), where the court said "[a] court may award compensatory damages against a losing party who has been held in contempt of court for willful disobedience of a court order, or who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." In Lander, the District Court granted a motion for summary judgment that would restore Lander to his position of employment. At a later date, Lander moved to have the defendants held in contempt for noncompliance with the court's order. That motion was denied. Lander then filed a second contempt motion asking for $10,000 damages as a result of the violation of the

---

2. The Supreme Court has held in a case involving recalcitrance on the part of an employer which forced the libellant "to hire a lawyer and go to court to get what was plainly owed him" as a proper situation for the imposition of attorney's fees under this exception to the American Rule. Vaughan v. Atkinson, 369 U.S. 527, 531, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962).

court's order and for instituting these proceedings. No contempt was found, since Lander was eventually restored to his position of employment. The Appeals Court found that

> [t]he mere fact that defendants were not in contempt . . . does not mean that plaintiff was not entitled to compensation for the efforts taken in order to secure compliance at an earlier date, and correction of an outstanding violation. The defendants had not obtained a stay, and were not entitled to impose their own stay without liability to compensate plaintiff. [*Id.* at 148, 518 F.2d at 1086.]

 Where the trial court exercises its discretion on the issue of award of attorney's fees, our role on review is to determine whether the court abused that discretion. *See Panos v. Nefflen,* D.C.App., 205 A.2d 600, 602 (1964), *quoting Shima v. Brown,* 78 U.S.App.D.C. 268, 268, 140 F.2d 337, 337 (1943). We find no abuse of discretion. *See generally Johnson v. United States,* D.C.App., 398 A.2d 354 (1979). The trial court found that appellant had twice refused to permit entry by Deputy United States Marshals to execute a writ of replevin issued by the court. It found that conduct to be without justification or excuse and assessed a civil contempt penalty of $1,000 per day for each day thereafter of noncompliance. This is a sufficient finding of contemptuous disregard of a court order or of bad faith, vexatious, wanton, or oppressive conduct. This finding is fully supported by the record.

*Affirmed.*