CARTER–LANHARDT, INC., Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

ESTATE of Oscar L. MILMORE,
Deceased, Thomas H. Reynolds,
Executor, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

Nos. 79–379, 79–410.

District of Columbia Court of Appeals.

Argued Feb. 21, 1980.

Decided April 9, 1980.

Werner Strupp, Washington, D. C., for appellant Carter-Lanhardt, Inc.

Michael F. Curtin, Washington, D. C., for appellant Reynolds. David Barmak, Washington, D. C., also entered an appearance.

Robert J. Harlan, Jr.; Asst. Corp. Counsel, Washington, D. C., with whom Judith W. Rogers, Corp. Counsel, Richard W. Barton, Deputy Corp. Counsel, James E. Lemert and Richard L. Aguglia, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee. Robert E. McCalley, Asst. Corp. Counsel, Washington, D. C., also entered an appearance for appellee.

Before KERN, NEBEKER and PRYOR, Associate Judges.

KERN, Associate Judge:

These appeals present for our determination the issue of how long a taxpayer seeking a refund from the District of Columbia may wait before filing a claim in the Tax Division of the Superior Court. More specifically, we are asked to decide which of two statutory periods of limitations governs such a claim. The taxpayers in the instant case argue that the general three-year statute of limitations contained in D.C.Code 1973, § 12–301(8) governs their appeals to the trial court for refunds of taxes. The Corporation Counsel, on behalf of the District, argues instead that the statutory period in D.C.Code 1973, § 47–2403 applies, so that such appeals must be filed with the court within six months of the disallowance of the refund claims or within twelve months of inaction on such claims by the Department of Finance and Revenue (Department).

Appellant Carter-Lanhardt, Inc. (hereinafter "the corporate taxpayer"), paid certain personal property taxes for fiscal year 1975 in two installments over the years 1974 and 1975. In March 1977 it filed with the Department a timely refund claim. The Department having taken no action on that refund claim, the corporate taxpayer filed an appeal with the trial court on September 15, 1978. This sequence of events may be charted as follows:

November 1974—

Corporate taxpayer pays to District first installment of 1975 FY personal property tax.

March 1975—

Corporate taxpayer pays to District second installment of 1975 FY personal property tax.

March 1977—

Corporate taxpayer files with Department a claim for refund of portion of taxes paid.

September 1978—

Department having taken no action on refund claim, corporate taxpayer files appeal with Tax Division of Superior Court.

The estate of Oscar L. Milmore paid an inheritance tax to the District of Columbia in January 1973. Thereafter the trustee of an inter vivos trust, which comprised a large portion of the estate, sought instructions from the then probate court, the United States District Court for the District of Columbia, on the interpretation of certain amendments by the testator to the original trust instrument. As a result of the federal trial court's ruling, the estate in December 1975 filed a timely claim for partial refund of the inheritance tax paid. In April 1978, after a series of conferences with the estate, the Department disallowed the claim. In August 1978 the estate filed its appeal with the Tax Division of the Superior Court. This sequence of events may be charted as follows:

January 1973—

Estate pays inheritance tax to District.

December 1975—

Estate files with Department its claim for refund of portion of taxes paid.

April 1978—

Department disallows claim for refund.

August 1978—

Estate files appeal with Tax Division of Superior Court.

1. In considering the estate taxpayer's case, the trial court ruled also that the Department had not "acted upon" the estate's refund claim within the initial six-month period. On appeal

The trial court, upon motion by the District and after argument, dismissed both cases for lack of jurisdiction, on the ground that neither the corporate taxpayer's appeal nor the estate's appeal had been timely filed. The court identified the applicable statute, § 2413(a) of Title 47, which reads in pertinent part:

. . . If the Commissioner disallows all or any part of the refund claim, he shall notify the taxpayer by registered or certified mail. After receiving notice of disallowance, if the claim is acted upon within six months of filing, or after the expiration of six months from the date of filing if the claim is not acted upon, *the taxpayer may appeal as provided in sections 47–2403 and 47–2404 of this title.* (Emphasis added.)

The court, in relying upon both legislative history and certain language contained in this court's opinion in *National Graduate University v. District of Columbia*, D.C. App., 346 A.2d 740 (1975), ruled that § 2413(a) requires a taxpayer to file an appeal within six months from either the disallowance of a claim for refund or the failure of the Department to act upon the claim for refund within six months from the filing of that claim. Accordingly, as the trial court read the statute, the corporate taxpayer should have filed its appeal in March 1978 rather than when it did in September 1978, and the estate taxpayer should have filed its appeal in December 1976 rather than when it did in August 1978.[1]

We are not persuaded that Congress intended that taxpayers claiming refunds of taxes paid and therefore proceeding under § 2413(a) were to be bound by the same time period specified for persons aggrieved by an assessment and so proceeding under § 2403. The difference between a claim for a refund and a protest over an assessment seems significant to us. Nevertheless, the District argues, and the trial court agreed,

to this court the estate argues that that ruling was erroneous. We need not reach that issue because we decide the case on other grounds.

that the phrase contained in § 2413(a), that "the taxpayer may appeal as provided in sections 47–2403 and 47–2404," *must* be read to incorporate into § 2413(a) the six-month time limitation contained in § 2403 governing appeals to the Superior Court from an assessment.

■ However, we note that part of § 2403 and the whole of § 2404 prescribe procedures for the trial court in determining "appeals" from assessments and for this court and the Supreme Court in reviewing appeals from the trial court's decisions.[2] Thus, we are of opinion that the reference in § 2413(a) to §§ 2403 and 2404 was meant to set forth the nature of the judicial remedy available to the taxpayer claiming a refund in the event that he was unsuccessful in obtaining such refund from the Department; it was not meant to impose on refund claimants the time limitation contained in § 2403.

■ The legislative history in our view supports this reading of § 2413(a). Prior to the 1970 court reorganization legislation,[3] § 2413(a) provided that:

> . . . Within ninety days after . . disallowance, if the claim is acted upon within six months . . . or within ninety days after the termination of such six months' period, if the claim is not acted upon within such period the taxpayer may appeal to the Board [the predecessor of the Tax Division of the Superior Court]. D.C.Code 1967, § 2413(a).

Also at that time (before the 1970 amendments), § 2413(a) included references to §§ 2403 and 2404. In contrast, however, the present version of § 2413(a) does not contain the ninety-day limitations period it formerly contained; yet it continues to refer to §§ 2403 and 2404 as it did before. This omission of a time limitation in the current version, taken together with the continuing references to these sections establishing general appeals procedures, persuades us that Congress meant to eliminate a specifically designed time limitation on appeals to the Tax Division of the trial court by applicants for tax refunds, but to continue to make applicable to such refund applications the appeals procedures prescribed by §§ 2403 and 2404.

Our conclusion that Congress intended to eliminate a specifically designed limitations period gains further support from the fact that applying the general three-year limitations period specified in D.C.Code 1973, § 12–301(8) to such cases makes District of Columbia law very similar to federal law. Under the Internal Revenue Code, a taxpayer has three years, after filing a return, in which to file a refund claim; then the taxpayer may not file suit to recover the overpayment before six months have expired—unless the Secretary renders a decision on the claim in that initial six months period—nor after two years from the date the Service mails a notice of disallowance of the claim. I.R.C. §§ 6511(a), 6532 (1954).

If we interpret § 2413(a) to incorporate the general three-year statutory period of limitations, a taxpayer has two years (three years in the case of inheritance and estate taxes), after filing a return, in which to file a refund claim; then the taxpayer may not file a petition for review in the Tax Division before six months have expired—unless the Department renders a decision on the claim in that initial six month period—nor after three years from (i) the date the Department mails a notice of disallowance of the claim or (ii) the date on which the initial six-month period expires, whichever comes first.

We are not persuaded, as the trial court was, that certain general language in the

---

**2.** For example, § 2403 provides that a person aggrieved by an assessment of taxes may "appeal from the assessment to the Superior Court of the District of Columbia," which "shall hear and determine all questions arising on appeal and shall make separate findings of fact and conclusions of law." D.C.Code 1973, § 47–2403. Section 2404 specifies the further stages of appeal open to taxpayers. For example, it

prescribes the conditions upon which a decision of the Superior Court in a civil tax case becomes final, and it specifies the process of appealing such a decision to this court. D.C. Code 1973, § 47–2404.

**3.** D.C. Court Reform and Criminal Procedure Act of 1970, Pub.L.No. 91–358, 84 Stat. 579 (1970).

House Committee Report accompanying the 1970 court reorganization legislation demonstrates a congressional intent to incorporate the § 2403 six-month limitations period into § 2413(a). The trial court quoted the following language from that report:

> Section 161 amends various tax statutes of the District to reflect the exclusive jurisdiction of the Tax Division of the new Superior Court [,] to repeal provisions made obsolete by the transfer, and to allow six months, rather than ninety days, for filing tax cases because of the abolition of the alternate common law remedies in the U.S. District Court. There are no other substantive changes. H.R.Rep.No. 90–901, 91st Cong., 2d Sess. 165 (1970).

We do not read this statement to mean that every one of the tax statutes that Congress amended by § 161 of the reform legislation received identical treatment. It is true that § 161 amended §§ 40–603–1, 47–709, –710, –711, –712, –716, –1534, –1593, and –2405 by striking out "ninety days" where it appeared in those provisions and inserting in lieu thereof "six months." D.C. Court Reform Act and Criminal Procedure Act of 1970, Pub.L. No. 91–358, §§ 161(a)(5), 161(c), 161(d)(2)(B), 161(k), 84 Stat. 680–82 (1970). It is also clear, however, that Congress treated § 2413(a) differently: instead of amending that section by striking out "ninety days" and inserting "six months," Congress redrafted the entire section, making several changes which, though largely technical and stylistic, indicate beyond question that Congress focused its attention on this section's refund provisions.

In light of this clearly evidenced Congressional attention to its treatment of § 2413(a), we must conclude that the deletion of a specific limitations period from the section, without substitution of a different specific limitations period, indicates Congressional intent to. allow the general three-year limitations period of § 12–301(8) to apply to such cases as the present one.

Finally, we are of opinion that this court's decision in *National Graduate University v. District of Columbia, supra,* does not require the conclusion that § 2403, governing appeals from refusals to redetermine assessments, also applies to appeals from disallowances of refund claims. In that case, this court was confronted with an appeal by a taxpayer who claimed to be exempt from the imposition of any tax and sought to avoid the application of the § 2403 time limitation on appeals from assessments. In rejecting his argument we necessarily concluded that § 2403 governed both (i) taxpayers claiming exemption from any assessment and (ii) taxpayers claiming that the assessment was erroneous. In the instant case, however, we are dealing with taxpayers who have paid taxes and then applied to the Department for a refund of a portion of the taxes paid. Congress has authorized their refund claims without imposing a specific time limitation on their invocation of judicial remedies and so we necessarily conclude that the general three-year statute of limitations applies.

Accordingly, the trial court had jurisdiction of the appeals. Its orders of dismissal are reversed and the cases must be heard on their merits.

*So ordered.*