The AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES (AFSCME), AFL–CIO, et al., Appellants,

v.

**Robert BALL, et al., Appellees.**

No. 80–1309.

District of Columbia Court of Appeals.

Submitted Nov. 12, 1981.

Decided Dec. 30, 1981.

Winn Newman, Richard B. Sobol and Barbara Kraft, Washington, D. C., were on brief for appellants.

Raymond J. LaJeunesse, Jr., Washington, D. C., and Hugh L. Reilly, Kensington, Md., were on brief for appellees.

Before KELLY, MACK, and PRYOR, Associate Judges.

MACK, Associate Judge:

This is an appeal of an award of attorney's fees. While the general rule is that, in the absence of statutory authority, " 'the prevailing party may not recover attorney['s] fees as costs or otherwise,' " *Trilon Plaza Co. v. Allstate Leasing Corp.*, D.C.App., 399 A.2d 34, 37 (1979), quoting *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 245, 95 S.Ct. 1612, 1615, 44 L.Ed.2d 141 (1975), attorney's fees may be awarded if a defendant's conduct is "willfully and oppressively fraudulent," *Trilon Plaza Co. v. Allstate Leasing Corp., supra* at 37, citing *McIntosh v. Aetna Life Insurance Co.*, D.C.App., 268 A.2d 518, 521 (1970), or in

" 'bad faith, vexatious[ ], wanton[ ], or . . . oppressive.' " *Trilon Plaza Co. v. Allstate Leasing Corp., supra* at 37, quoting 6 J. Moore, Federal Practice ¶ 54.77(2), at 1709 (2d ed. 1976). In reviewing a trial court's award of attorney's fees, we must affirm unless, after addressing the facts underlying the award, *see Kasachkoff v. Ross H. Finn Co.*, D.C.App., 408 A.2d 993, 995 (1979); *Bradley v. Bradley*, D.C.Mun.App., 182 A.2d 837, 838 (1962), we find that the trial court abused its discretion. *Trilon Plaza Co. v. Allstate Leasing Corp., supra* at 38. Finding no abuse of discretion, we affirm.

This case has continued since 1970 and this appeal is taken from a proceeding ancillary to the original action, *Ball v. City of Detroit*, No. 70–159940–CZ, on remand from *Ball v. City of Detroit*, 84 Mich.App. 383, 269 N.W.2d 607 (1978). The plaintiffs in the original action (appellees here) were nonunion employees who brought suit against the City of Detroit, its Civil Service Commission and the American Federation of State, County and Municipal Employees (AFSCME) challenging AFSCME's right to compel payment of an "agency shop service fee" in the same amount as union dues paid by employees who were union members. The court there held that AFSCME could collect service fees only for "collective bargaining, contract administration and grievance adjustment," *id.* at 612, and remanded the case for a determination of what would comprise a valid fee. *See Abood v. City of Detroit*, 431 U.S. 209, 97 S.Ct. 1782, 52 L.Ed.2d 261 (1977). In connection with that, the plaintiffs undertook discovery of AFSCME. Since AFSCME's headquarters is in the District, notices of deposition of AFSCME's President and Secretary-Treasurer were filed with and subpoenas duces tecum were issued by the Superior Court on May 15, 1979.

On May 25, 1979, AFSCME moved to quash the subpoenas and for a protective order to terminate or limit discovery alleging 1) the subpoenas were an unnecessary effort to continue and supplement earlier court-supervised discovery in Michigan and would unreasonably annoy and harass AFSCME; 2) the requests were unduly burdensome; and 3) the requests encroached on AFSCME's First Amendment rights. On July 25, 1979, the Superior Court denied the motion to terminate or limit examination or discovery, but the plaintiffs' notice of taking of depositions and production of documents was modified to include only those books and records which bore upon AFSCME's claim that all or portions of the plaintiffs' "per capita taxes" [1] were expended for "collective bargaining, contract administration and grievance adjustment."

Thereafter, discovery proceeded but in December 1979, the plaintiffs, claiming that AFSCME had not fully complied with the Superior Court's order, sought a contempt citation as well as an imposition of costs and fees against AFSCME. AFSCME countered on the same grounds that it had interposed before, the unnecessary and unduly burdensome and expensive nature of the discovery request as well as the possible First Amendment violations inherent therein, and moved for a protective order. In May 1980, the Superior Court denied the protective order and the plaintiffs' contempt motion and ordered AFSCME to comply with its May 15, 1979 and July 25, 1979 orders.

One month later, AFSCME, once again citing First Amendment protections as well as the annoying, expensive and oppressive nature of discovery, moved in a Michigan court for a protective order on further discovery. [2] AFSCME also moved in the Superior Court for a stay of its May 1980 order pending the Michigan court ruling. The plaintiffs opposed the motion for a stay, renewed their contempt motion and sought to recover fines for each day of noncompliance along with $15,000 for costs and ex-

---

1. Under AFSCME's constitution, a portion of the plaintiffs' service fees was transferred to AFSCME as "per capita taxes."

2. AFSCME motioned pursuant to Michigan General Court Rule 306.2 which permits the court in which an action is pending to issue orders limiting the scope of discovery.

penses incurred in the enforcement of the subpoena. The Superior Court denied AFSCME's motion for a stay and continued the plaintiffs' motions. Shortly thereafter, the Michigan court denied AFSCME's motion stating, "[m]ore convincing are the rulings of the Superior Court . . . in denying a similar motion . . ., and the ruling that the information sought is relevant and not privileged by the First Amendment."

On August 21, 1980, at a Superior Court hearing on the plaintiffs' contempt motion, the parties proffered a settlement agreement as to the discovery portion of the case. AFSCME agreed to return all the per capita taxes the plaintiffs had paid since the original filing of the case, plus interest, and to waive all future per capita taxing of the plaintiffs. In return, the plaintiffs agreed to forego further discovery of AFSCME.

■ On September 18, 1980, the Superior Court held a hearing on the plaintiffs' contempt motion and the awarding of attorney's fees. It denied the plaintiffs' motion and awarded attorney's fees for that portion of the proceedings involving the plaintiffs' attempts to secure compliance with its discovery orders—$7,839.23. The court further observed that it had "gained the distinct impression that the defendants were attempting to thwart the orders of this Court. And, of course, this Court must maintain the integrity of its orders."

In *Wisconsin Avenue Associates v. 2720 Wisconsin Avenue Cooperative Association*, D.C.App., 385 A.2d 20 (1978), we addressed a situation analogous to this one. The case involved the appellants' refusal to make a court-ordered payment. Rather than make the payment the appellants sought a stay of the court's order and, thus, placed the appellees "in the position of seeking a supplemental order to vindicate [their] rights under a prior order of the court" via a contempt citation. *Id.* at 24. This court reasoned:

> The trial court observed that "since [Cooperative was] put to the difficulty of and expense of making this motion, also, since payment . . . was not forthcoming, even though there was at that time a presumably valid court order in force and no stay yet ordered by the Court, I think they are entitled to attorneys' fees . . . ."

This is a finding consistent with "unwarranted, oppressive, or vexatious conduct" . . . and we will not disturb it. [*Id.* (citations omitted).]

That situation is synonymous with the one at hand in that both involved litigants who, although not found in contempt, were found to have attempted to circumvent valid court orders. The situation here is even more egregious in that AFSCME sought three times in two jurisdictions, each time proffering the same rationale, to frustrate the Superior Court's orders. *But cf. F. W. Berens Sales Co. v. McKinney*, D.C.App., 310 A.2d 601 (1973), where the court found a landlord's suit for possession was not brought in retaliation but as a subtle and sophisticated effort to coerce an out-of-court resolution. As the landlord in *Berens* merely sought a tactical advantage in a long-standing dispute and its suit was neither unwarranted nor vexatious, wanton or oppressive, the award of attorney's fees was reversed.

In the instant case, we do not find the Superior Court abused its discretion in awarding attorney's fees and, accordingly, we affirm.

*Affirmed.*