James F. **MILLS and Frances W. Crayton, Appellants,**

v.

**COSMOPOLITAN INSURANCE AGEN-CY and Z. Jerome Jontiff, Appellees.**

**No. 81–350.**

District of Columbia Court of Appeals.

Submitted Dec. 17, 1981.

Decided Feb. 17, 1982.

1. D.C.App.R. 39 states in part:
   (c) ON REVERSAL. In cases of reversal of any judgment or order, costs shall be allowed to the appellant, unless otherwise ordered.

   \*    \*    \*    \*    \*    \*

   (g) COSTS ON APPEAL TAXABLE IN THE SUPERIOR COURT. Costs incurred in the preparation and transmission of the record, the cost of the reporter's transcript, if necessary for the determination of the appeal, the premiums paid for cost of supersedeas bonds or other bonds to preserve rights pending

Louis Ginberg and Louise E. Turner, Washington, D. C., for appellants.

Joseph F. Cunningham, and Jack E. Rossotti, Washington, D. C., for appellees.

Before KELLY, NEBEKER and PRYOR, Associate Judges.

NEBEKER, Associate Judge:

James F. Mills and his mother, Frances W. Crayton (appellants), filed their complaint against Cosmopolitan Insurance Agency, Inc., and its Vice President, Z. Jerome Jontiff (appellees), on March 7, 1978. In a single count alleging fraud, appellants charged that appellees misrepresented that both collision and liability insurance were included in a policy purchased by appellants. Trial began on March 8, 1979, and following presentation of all the evidence, the trial court directed a verdict for appellees. Appellants appealed and this court reversed and remanded for a new trial. *Mills v. Cosmopolitan Insurance Agency*, D.C.App., 424 A.2d 43 (1980). On January 19, 1981, appellants filed a bill of costs in the Superior Court for remuneration of $332 for costs on appeal. D.C.App.R. 39.[1] On January 27, Judge Malloy denied appellants' request on the ground that the assessment of costs would be premature, and this appeal followed.[2] Appellants assert that Rule 39 must be construed narrowly within its "plain wording and intent" which do not specifically require a final resolution of the issues. Appellees contend that the issue concerns whether Judge Malloy abused his discretion when he denied the bill of costs. Although neither party addresses the issue

appeal, and the fee for filing the notice of appeal shall be determined in the Superior Court and taxable, if assessed, in said court as, costs of the appeal in favor of the party entitled to costs under this rule. If the briefs or the record on appeal are printed, the cost of printing shall not be taxed as an allowable cost.

2. It is unclear from the record whether there has been any final resolution of the original complaint. This court will therefore proceed as though the case still pends in the trial court.

of jurisdiction, we must dismiss this appeal on the ground that Judge Malloy's ruling was not a final order.[3]

This court has "jurisdiction of appeals from all final orders and judgments of the Superior Court ...." D.C.Code 1981, § 11–721. For purposes of review, an order is final only if it "disposes of the whole case on its merits so that the court has nothing remaining to do but to execute the judgment or decree already rendered." *McBryde v. Metropolitan Life Insurance Co.*, D.C.App., 221 A.2d 718, 720 (1966). *See also Trilon Plaza Company v. Allstate Leasing Corp.*, D.C.App., 399 A.2d 34, 36 (1979); *Burtoff v. Burtoff*, D.C.App., 390 A.2d 989, 991 (1978). "To be reviewable, a judgment or decree must not only be final but also complete, that is, final not only as to all parties, but as to the whole subject and all the causes of action involved." *District of Columbia v. Davis*, D.C.App., 386 A.2d 1195, 1198 (1978).

In *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949), the Supreme Court examined 28 U.S.C. § 1291, which also requires final orders for appeals, and stated:

> [The rule requiring finality does not permit appeals from orders which] are but steps towards final judgment in which they will merge. The purpose is to combine in one review all stages of the proceedings that effectively may be reviewed and corrected if and when final judgment results.

The Court in *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374, 101 S.Ct. 669, 673, 66 L.Ed.2d 571 (1981), stressed that the

finality rule serves many purposes. The rule emphasizes the deference the appellate courts owe to the trial judge as the individual initially called upon to decide issues of law and fact. It prevents piecemeal appeals which would undermine the independence of the trial judge and his special role in our judicial system. It eliminates the harassment and costs of successive appeals, and the rule serves the important function of promoting efficient judicial administration. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 170, 94 S.Ct. 2140, 2149, 40 L.Ed.2d 732 (1974); *DiBella v. United States*, 369 U.S. 121, 124, 82 S.Ct. 654, 656, 7 L.Ed.2d 614 (1962); *Cobbledick v. United States*, 309 U.S. 323, 325, 60 S.Ct. 540, 541, 84 L.Ed. 783 (1940).

However, the considerations which determine the finality of orders "are not abstractions but have reference to very real interests—not merely those of immediate parties but, more particularly, those that pertain to the smooth functioning of our judicial system." *Republic National Gas Co. v. Oklahoma*, 334 U.S. 62, 69, 68 S.Ct. 972, 977, 92 L.Ed. 1212 (1948). *See District of Columbia v. Tschudin*, D.C.App., 390 A.2d 986, 988 (1978). In appreciation of those interests, the Supreme Court in *Cohen*[4] carved out one exception to the finality rule known as the collateral order doctrine. The Court ruled that orders which are not final could be appealable if they

> fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to

---

3. It is immaterial that neither party raised the jurisdictional issue on this appeal. If the order is not final, this court does not have jurisdiction, and consent of the parties can not confer jurisdiction. *See Burtoff v. Burtoff*, D.C.App., 390 A.2d 989, 991 (1978); *Mid City Theater Corp. v. Bethea*, D.C.App., 210 A.2d 10 (1965).

4. The issue in *Cohen* concerned whether a federal court, having jurisdiction of a stockholder's derivative action only because the parties were of diverse citizenship, must apply a statute of the forum state which makes the plaintiff, if unsuccessful, liable for all expenses and requires a security bond for the payment as a

condition of prosecuting the action. The stockholder in *Cohen* owned approximately $9,000 of the company's stock while the company averred that $125,000 would be the appropriate amount to impose as a security bond. The trial court held that the state statute was not applicable and the court of appeals reversed. The Supreme Court held that the order was appealable because it was a final disposition of a claimed right which was not an ingredient of the cause of action and did not require consideration with it. The order of the court of appeals was affirmed.

require that appellate consideration be deferred until the whole case is adjudicated. [*Cohen, supra,* 337 U.S. at 546, 69 S.Ct. at 1225.]

*See also United States v. Harrod,* D.C.App., 428 A.2d 30, 32 (1981) (en banc); 9 Moore's Federal Practice § 110.10 (1980).

In *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978),[5] the Court ruled that the collateral order doctrine applies only to orders which

conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and [are] effectively unreviewable on appeal from a final judgment.

■ Appellants in this case do not meet, nor do they even attempt to meet, the test set down by the collateral order doctrine. They fail to provide any indication that Judge Malloy's order denying their request as premature is too important to be denied review, too independent to be deferred until the whole case is adjudicated, and effectively unreviewable on appeal. Instead, appellants place virtually total reliance on *Rural Housing Alliance v. United States Department of Agriculture,* 167 U.S.App.D.C. 345, 511 F.2d 1347 (1974), and cite it as controlling. In that case, the United States Court of Appeals for the District of Columbia Circuit granted the Department of Agriculture's request for costs on appeal under Rule 39(a) of the Federal Rules of Appellate Procedure in an appeal from a reviewable order which had been reversed in part. *Rural Housing Alliance v. United States Department of Agriculture,* 162 U.S.App.D.C. 122, 498 F.2d 73 (1974).

Rule 39(a) provides that "if a judgment is affirmed or reversed in part, . . . costs shall be allowed *only* as ordered by the court." (Emphasis added.) The government had no choice but to go directly to the circuit court with its request for costs. It was not appealing from a district court's denial of its request.

Therefore, perceiving no basis to apply the collateral order exception, we hold that Judge Malloy's order is not appealable. The appeal is dismissed for lack of jurisdiction.

*Dismissed.*

---

**5.** In *Coopers* the court held that the collateral order doctrine does not apply to orders granting and then denying class certification because such orders are subject to revision under the Federal Rules of Civil Procedure and could be effectively reviewed even after final judgment.