**A. Bradley ASKIN, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 97–TX–1568.

District of Columbia Court of Appeals.

Argued March 17, 1999.

Decided May 6, 1999.

A. Bradley Askin, pro se.

Sheila Kaplan, Assistant Corporation Counsel, with whom John M. Ferren, Corporation Counsel, at the time the brief was filed, Charles L. Reischel, Deputy Corporation Counsel, and Lutz Alexander Prager, Assistant Deputy, were on the brief, for appellee.

Before SCHWELB, RUIZ, and REID, Associate Judges.

SCHWELB, Associate Judge:

A. Bradley Askin appeals from an order of the trial court dismissing his suit for a refund of recordation and transfer taxes in connection with Askin's purchase at a foreclosure sale of Apartment 106 in the Gladstone Condominium in northwest Washington, D.C. The trial judge ruled that Askin's suit was untimely because it was not brought within six months of the District's disallowance of the claim. The judge was of the opinion that D.C.Code § 47-3310(a) (1997), quoted in part in the footnote,[1] "provides a catchall 6-month deadline for filing Superior Court appeals from the disallowance of a claim for tax refund that is not otherwise covered by a more specific statutory scheme."

■ The District acknowledges in its brief that the judge's reading of the statute is "doubtful," and we agree. The language of § 47-3310 on which the judge relied, italicized in footnote 1, *supra*, does not specify a limitation period within which a taxpayer

---

1. Where there has been an overpayment of any tax, the amount of the overpayment shall be refunded to the taxpayer.... Every claim for refund *must be in writing under oath, must state the specific grounds on which it is founded,* and must be filed with the Mayor. If the Mayor disallows all or any part of the refund claim, he shall notify the taxpayer by registered or certified mail. After receiving notice of disallowance, *if the claim is acted upon within 6 months of filing, or after the expiration of 6 months from the date of filing if the claim is not acted upon, the taxpayer may appeal as provided in Secs. 47-3303 and 47-3304 of this title.*

(Emphasis added.)

must file an action for a refund. On the contrary, that language sets forth the time frame within which the Mayor or his designee must act on a refund claim filed by a taxpayer. The statute goes on to provide that if the Mayor or his designee has not acted on the claim within six months, that claim will be deemed to have been denied by operation of law.

The trial judge's reading of § 47–3310 is also difficult to reconcile with our holding in *Carter–Lanhardt, Inc. v. District of Columbia*, 413 A.2d 916 (D.C.1980), in which we rejected an almost identical argument by the District. In *Carter–Lanhardt*, we discussed in some detail the language, structure, and legislative history of an earlier but almost identical version of the statute, and we concluded that, as in the parallel federal tax scheme, a three-year statute of limitations applies. *Id.* at 917–19; *see* D.C.Code § 12–301(8) (1995).[2] The present suit was brought within the three-year period.

The District makes no attempt to defend the trial judge's construction of § 47–3310(a), but contends instead that Askin's claim is barred by the doctrine of *res judicata.* This claim arises from the rather complex procedural history of this case, which was originally brought as part of Tax Division Case No. 6386–95. That case was an "umbrella" suit in which Askin sought refunds of certain taxes and challenged certain assessments relating to a number of different properties (of which Apartment 106 of the Gladstone Condominium was only one). The District claims, in substance, that the limitations issue was decided against Askin in the "umbrella" action, that Askin did not appeal in No. 6386–95, and that he cannot now relitigate the claim in the present suit, which is Tax Division Case No. 7258–97.

We do not question "the clearly correct rule that dismissal of a prior action as barred by the statute of limitations precludes a second action on the same claim in the same system of courts." 18 CHARLES ALAN WRIGHT, ARTHUR R. MILLER AND EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4441, at 366 (1981) (footnote omitted). Nevertheless, we do not believe that the District has satisfied the elements of *res judicata* in this case.

The trial judge held, in orders dated October 28, 1996 and February 18, 1997, that Askin's action with respect to the condominium here at issue was untimely. Both of these orders were entered in the original "umbrella" action, however, and neither disposed of that case in its entirety. Accordingly, as the District effectively admits in its brief, these orders were not appealable at the time that they were entered. "To be reviewable, a judgment or decree must not only be final but also complete, that is, final not only as to all parties, but as to the whole subject and all the causes of action involved." *Mills v. Cosmopolitan Ins. Agency*, 442 A.2d 151, 152 (D.C.1982) (citation and internal quotation marks omitted); *see also Trilon Plaza Co. v. Allstate Leasing Corp.*, 399 A.2d 34, 36 (D.C.1979). Askin cannot forfeit his right to contest a substantive issue on the merits on account of his failure to appeal from non-final and non-appealable orders.

The District claims that final judgment was entered in the "umbrella" action on July 2, 1997, and that Askin could have appealed from that judgment. Although this contention is superficially plausible, we do not find it persuasive on this record. Askin filed the present suit for a refund in the Superior Court on March 31, 1997, more than three months *before* entry of the judgment to which the District has now hitched its star. *Res judicata* is an affirmative defense which the defendant must plead and prove. *Johnson v. District of Columbia Rental Hous. Comm'n*, 642 A.2d 135, 139 (D.C.1994). In its motion to dismiss, which the District filed on May 23, 1997, the District cited only the judge's orders of October 28, 1996 and February 18, 1997—the very orders which the District now concedes not to have been final or appealable. The District requested that the complaint be dismissed "for lack of sub-

---

2. Even if we were to assume that the statute is ambiguous with respect to the applicable limitations period—and we do not believe that it is—any ambiguity should be resolved in favor of sustaining Askin's right of action. *See, e.g., Owens–Corning Fiberglas Corp. v. Henkel,* 689 A.2d 1224, 1233 (D.C.1997).

ject matter jurisdiction," and never asserted that Askin's suit is barred by the July 2, 1997 judgment in the "umbrella" action.

Accordingly, the judgment appealed from is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion.

*So ordered.*